ANN WALSH BRADLEY, J.
*64 ¶1 The petitioner, Allen S. Musikantow (Musikantow), seeks review of an unpublished per curiam decision of the court of appeals directing that the circuit court apply a credit of $2,250,000 to a money judgment entered against Musikantow as guarantor of a loan.[1] Musikantow contends that the court of appeals erred by limiting the credit to the amount of the winning bid at the sheriff's sale thereby precluding the circuit court from hearing evidence of the fair value of the property after the confirmation of sale.
¶2 Specifically, Musikantow contends that Wis. Stat. § 846.165 (2015-16)[2] does not require a circuit court to make a determination of a guaranty credit at *65 the time the foreclosure sale is confirmed. He further argues that circuit courts have the discretion to decouple guaranty-related rulings from underlying foreclosure sales.
¶3 We conclude that Wis. Stat. § 846.165 does not apply to credits toward a judgment on a guaranty. Rather, it applies to the relationship between only the mortgagee *800 and mortgagor who signed the promissory note underlying the mortgage. It therefore cannot serve as authority for the proposition that, when confirming a foreclosure sale, a circuit court must determine the amount of a credit to be applied to a judgment on a guaranty.
¶4 Further, we conclude that when an action for foreclosure against a mortgagor and an action for a money judgment on a guaranty are brought in the same proceeding as in the instant case, the circuit court may, in its discretion, decide the amount of a credit to be applied to a judgment on a guaranty either at the time the sale is confirmed or at another time. The questions of fair value for purposes of Wis. Stat. § 846.165 and the amount of any credit toward the judgment on the guaranty are separate questions. Thus, the circuit court did not erroneously exercise its discretion when it decoupled the confirmation of sale from the determination of the guaranty credit.
*66 ¶5 Finally, we determine that the stipulation in this case does not establish that the amount of the winning bid at the sheriff's sale shall be the sole credit toward the money judgment against Musikantow.
¶6 Accordingly, we reverse the decision of the court of appeals and remand to the circuit court for further proceedings to determine the amount of the credit to be applied toward the judgment against Musikantow as guarantor.
I
¶7 Horizon Bank, National Association (Horizon Bank) loaned $5 million to Marshalls Point Retreat LLC (Marshalls Point), secured by a mortgage on property located in Sister Bay.[3] Musikantow, a member of Marshalls Point, signed a continuing guaranty of payment for the loan.
¶8 Alleging that Marshalls Point had defaulted on the loan, Horizon Bank brought a foreclosure action. In the same action, Horizon Bank also brought a claim for a money judgment against Musikantow pursuant to the terms of the guaranty.
¶9 The parties stipulated to the entry of judgment on both of Horizon Bank's claims. The stipulation contained an order for judgment, which the circuit court signed. A judgment for foreclosure was entered against Marshalls Point and a money judgment was entered against Musikantow as guarantor for $4,045,555.55, the amount of principal and interest remaining on the loan.
*67 ¶10 In addition, the stipulation provided that the Sister Bay property may be sold at a sheriff's sale. It further stated that:
[t]he amount paid to [Horizon Bank] from the proceeds of said sale of the Premises, remaining after deduction by [Horizon Bank] of the amount of interest, fees, costs, expenses, disbursements and other charges paid or incurred by [Horizon Bank] not included in the monetary judgment against [Musikantow] (set forth below) shall be credited by [Horizon Bank] as payment on said monetary judgment.
¶11 At the sheriff's sale, Horizon Bank bought the Sister Bay property for a credit bid of $2,250,000. The sole bid was from Horizon Bank.
¶12 Horizon Bank moved the circuit court to confirm the sale pursuant to Wis. Stat. § 846.165, arguing that the amount of its bid at the sheriff's sale constituted "fair *801 value" of the Sister Bay property.[4] In support of its determination of fair value, Horizon Bank submitted two expert witness affidavits.
¶13 Additionally, Horizon Bank indicated in its motion to confirm the sale that it would not seek a deficiency judgment against Marshalls Point.[5] Finally, it requested that the circuit court apply the amount of *68 the winning bid at the sheriff's sale as a credit toward the judgment against Musikantow, thereby reducing the amount of the money judgment by that amount.
¶14 In response to the motion to confirm the sale, Marshalls Point and Musikantow "recognize[d] that the court must find that the amount bid at sale represents fair value, even though the mortgagee did not seek a deficiency judgment against the mortgagor." They also conceded that "[f]air value is not the same as fair market value."
¶15 Thus, Marshalls Point and Musikantow did not object to the confirmation of sale at the price of Horizon Bank's winning bid at the sheriff's sale on the condition that certain language be added to the order confirming the sale. They sought language to protect Musikantow from being bound to the amount of the winning bid as the amount of the credit:
Notwithstanding anything in this order, the confirmation of the sale of the collateral to Horizon Bank, following a deficiency against the borrower, shall have no collateral estoppel or res judicata effect should Horizon Bank seek to recover against the guarantor, Allen S. Musikantow, on all or any part of the judgment against Allen S. Musikantow as guarantor of this obligation.
¶16 Marshalls Point and Musikantow further indicated that, if the requested language was not inserted into the order, they would object "not to the confirmation of the sale itself, but to the amount to be credited upon the judgment against [Musikantow]." They asserted that the Sister Bay property had a fair *69 market value far in excess of the $2,250,000 winning bid, arguing that the actual value of the property exceeded $10 million.
¶17 The circuit court held a hearing on the motion to confirm the sale. Marshalls Point and Musikantow reiterated their desire for additional language in the order as reflected above. See supra, ¶15. Their counsel stated, "We don't oppose confirmation of sale in and of itself at that price. What we oppose is a finding of the value which would be binding on the guarantor."
¶18 Additionally, counsel for Marshalls Point and Musikantow indicated that a witness was present in the courtroom who would testify that the Sister Bay property had a market value exceeding $10 million. The circuit court adjourned and rescheduled the hearing and the witness never testified.
¶19 At the next scheduled hearing, counsel for Marshalls Point and Musikantow *802 asserted that there was "a great deal of testimony" that could be presented about the property's market value. However, counsel did not offer this testimony based on the belief "that it's really not necessary that we make an evidentiary finding with respect to the value to be placed upon the residence[.]"
¶20 Rather, counsel observed that the guaranty Musikantow signed contained a governing law provision. This provision stated that the guaranty "will be governed by federal law applicable to lender and to the extent not preempted by federal law, the laws of the State of Indiana without regard to its conflicts of law provisions." Counsel expressed his view that "it's clearly not a Wisconsin case in terms of the substantive law. It is, however, in Wisconsin for procedural issues dealing with the foreclosure."
*70 ¶21 Additionally, counsel indicated that Horizon Bank had already filed a federal lawsuit in Florida, where Musikantow resided, for the purpose of "authenticating" the judgment against him. He argued that "what we're doing is we're going above and beyond what's required in Wisconsin procedural law to decide an issue that's ... more likely to be litigated in the State of Florida as to the value to be credited for that property."
¶22 In response, Horizon Bank explained that "[t]he federal action is a domestication of the money judgment that this [c]ourt has already entered on the guarant[y] in these proceedings." Horizon Bank further asserted, "The judgment has been entered. He was personally served. He was under the jurisdiction of the [c]ourt. The [c]ourt entered a money judgment. Those issues are done." Thus, it requested that the circuit court confirm the sheriff's sale and apply the $2,250,000 proceeds from the sheriff's sale as "the only number that can be credited to the judgment."
¶23 The circuit court granted Horizon Bank's motion to confirm the sale. It further found "that a bid price of 2.25 million dollars represents fair and reasonable value for the property." However, the circuit court declined to rule on the credit to be applied toward the judgment against Musikantow as guarantor.
¶24 In declining to rule on the amount of the credit, the circuit court expressed its belief that because of the governing law provision, the Florida district court would determine the amount of the credit.[6] The circuit court stated:
*71 I guess if the federal courts kick this back to me to make a decision [about] what is to be the appropriate credit under the commercial guarant[y], well, then we'll have a hearing and I'll make that decision. But I'm not going to preempt federal law at this point.
Maybe the federal courts are going to kick it back here. Maybe they're going to kick it back to Indiana. I don't know whether they're going to kick it back. If it's kicked back here, then I'll deal with it. ...
[T]his is a federal issue and I'm not going to deal with it today.
¶25 Accordingly, the circuit court entered an order confirming the sale. Consistent with its determination to leave the calculation of Musikantow's credit for another day, it crossed out the final paragraph of the proposed order, which set forth:
*803 After application to the Judgment indebtedness of the amount bid at sheriff's sale of $2,250,000, there remains due under the Judgment entered against Allen S. Musikantow the sum of $1,869,460.70, as of November 4, 2015, together with subsequently accruing interest, fees and costs.
¶26 A month later, the circuit court entered another order. "[I]n light of the language in the Guaranty document indicating that it is to be governed by Federal Law[,]" the circuit court stated that it would "decline to make a finding of the amount to be credited against the judgment of Horizon Bank [ ] against [ ] Musikantow as guarantor." The court advised it would, "if requested by a Federal Court, make a determination as to such amount to be credited against the judgment of Horizon Bank [ ] against [ ] Musikantow."
¶27 Horizon Bank appealed the second order. On appeal, Horizon Bank argued that the stipulation *72 between the parties controlled the amount of the credit to be applied toward the judgment. The court of appeals agreed, reversing the circuit court and remanding with the direction to amend the money judgment against Musikantow by applying a sole credit of $2,250,000. Horizon Bank, Nat'l Ass'n v. Marshalls Point Retreat LLC, No. 2016AP832, unpublished slip op., ¶25, 373 Wis.2d 767, 2017 WL 389395 (Wis. Ct. App. Jan. 24, 2017) (per curiam).
II
¶28 This case requires us to interpret Wis. Stat. § 846.165. Statutory interpretation is a question of law we review independently of the determinations of the circuit court and court of appeals. GMAC Mortg. Corp. v. Gisvold, 215 Wis. 2d 459, ¶29, 572 N.W.2d 466 (1998).
¶29 We are also asked to address whether the circuit court erroneously exercised its discretion when it decoupled the guaranty-related credit determination from the underlying foreclosure action. This court will uphold the discretionary decision of a circuit court as long as the circuit court's exercise of discretion was not erroneous. Hull v. State Farm Mut. Auto. Ins. Co., 222 Wis. 2d 627, ¶11, 586 N.W.2d 863 (1998). An exercise of discretion is erroneous if it is based on an error of fact or law. Zarder v. Humana Ins. Co., 2010 WI 35, ¶21, 324 Wis. 2d 325, 782 N.W.2d 682.
¶30 Finally, we construe the stipulation between the parties. The interpretation of a stipulation is also a question of law we review independently of the *73 determinations of the circuit court and court of appeals. Stone v. Acuity, 2008 WI 30, ¶21, 308 Wis. 2d 558, 747 N.W.2d 149.
III
¶31 The court of appeals based its determination on the language of the stipulation and its understanding that Musikantow had conceded fair value. Nevertheless, to provide context we begin our analysis by examining the statutory procedure for confirmation of sale set forth in Wis. Stat. § 846.165. Subsequently, we address the circuit court's discretion to set forth the procedure when foreclosure and a money judgment on a guaranty are brought in the same proceeding. Finally, we consider the stipulation of the parties and its effect on the amount to be credited.
A
¶32 Wisconsin Stat. § 846.165 governs the procedure for confirming a sheriff's sale of a foreclosed property. At issue here is sub. (2), which provides:
In case the mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of *804 sale, there shall be no presumption that such premises sold for their fair value and no sale shall be confirmed and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs.
¶33 Statutory interpretation begins with the language of the statute.
*74 State ex rel. Kalal v. Cir. Ct. for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we need not further the inquiry. Id.
¶34 The plain language of Wis. Stat. § 846.165(2) indicates that it does not apply to a judgment obtained against a third-party guarantor. It states that confirmation of sale cannot occur until the circuit court "is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs." § 846.165(2) (emphasis added). Thus, the statute relates to the relationship between only the mortgagee and mortgagor who signed the promissory note underlying the mortgage. The "mortgage debt" referenced in the statute is not the same as the debt stemming from a third-party guaranty.
¶35 A guarantor's liability arises not from the debt itself, but from a separate guaranty contract. Bank Mut. v. S.J. Boyer Const., Inc., 2010 WI 74, ¶53, 326 Wis. 2d 521, 785 N.W.2d 462. "Therefore, although guarantors of payment are personally liable for some amount according to the terms of their guaranty contract, they are not personally liable for the debt secured by the mortgage." Id.
¶36 Because the plain language of Wis. Stat. § 846.165(2) is unambiguous, we need not pursue further inquiry. Kalal, 271 Wis. 2d 633, ¶45, 681 N.W.2d 110. We therefore conclude that § 846.165(2) does not apply to credits toward a judgment on a guaranty. Rather, it applies to the relationship between only the mortgagee and mortgagor who signed the promissory note underlying the mortgage. Accordingly, it cannot serve as authority for the proposition that, when confirming a foreclosure *75 sale, a circuit court must also determine the amount of a credit to be applied to a judgment on a guaranty.[7]
B
¶37 Our conclusion that Wis. Stat. § 846.165 applies to the relationship between only the mortgagee and the debt underlying the mortgage highlights the divergent tracks mortgage related determinations and guaranty related determinations may take. For example, the question of fair value for purposes of confirming the sheriff's sale pursuant to § 846.165 presents a different question than that of the credit a guarantor receives when the subject property transfers by means of a foreclosure and sale.
¶38 Those two questions are decided under separate standards. A determination that the amount of proceeds at a sheriff's sale constitutes "fair value" is subject to a "shock the conscience" standard.
*805 See Bank of New York v. Mills, 2004 WI App 60, ¶18, 270 Wis. 2d 790, 678 N.W.2d 332. "The determination of 'fair value' identifies whether the price shocks the conscience of the court." Id.
*76 ¶39 In contrast, the amount of a credit to be due on a guaranty is strictly a matter of contract. "A guarantor's liability depends upon the particular terms of his or her engagement." Crown Life Ins. Co. v. LaBonte, 111 Wis. 2d 26, 32, 330 N.W.2d 201 (1983) (citing Continental Bank & Trust Co. v. Akwa, 58 Wis. 2d 376, 388, 206 N.W.2d 174 (1973) ).
¶40 Further reflecting that fair value in the context of Wis. Stat. § 846.165 and the credit due on a guaranty are separate issues, the amount of a credit to be applied to a guaranty may be litigated in an action wholly apart from the fair value contemplated by § 846.165.
¶41 The procedure followed in Crown Life, 111 Wis. 2d 26, 330 N.W.2d 201, is instructive here. Crown Life involved an action to collect on a contractual guaranty of a note after the mortgage that secured the debt had proceeded through foreclosure and sale and the lender had not received full payment. Id. at 30-31, 330 N.W.2d 201.
¶42 Although Musikantow, unlike the guarantor in Crown Life, was a party to the foreclosure action here, Crown Life demonstrates that the debt due under the mortgage and under the guaranty may properly follow separate tracks. See id. The two determinations need not even be part of the same action, and thus need not be made at the same time.
¶43 Our conclusion is consistent with Crown Life and with the equitable nature of foreclosure proceedings. As Crown Life illustrates, a foreclosure action against a mortgagor and a related action for money judgment on a guaranty can proceed together or separately. If a lender chooses to bring the two actions *77 together, as was the case here, the circuit court has discretion in deciding how to most fairly determine the separate issues of (1) fair value for purposes of confirming the sale and (2) the credit to be applied to the judgment against the guarantor. The circuit court has the discretion to decide these issues at the same time or separately.
¶44 "Foreclosure proceedings are equitable in nature, and the circuit court has the equitable authority to exercise discretion throughout the proceedings." Walworth State Bank v. Abbey Springs Condominium Ass'n, Inc., 2016 WI 30, ¶24, 368 Wis. 2d 72, 878 N.W.2d 170 (quoting GMAC Mortg. Corp., 215 Wis. 2d 459, ¶37, 572 N.W.2d 466 ). In the circuit court's discretion, it could be fair to speedily confirm the sale when there will be no deficiency judgment against the mortgagor, while leaving the determination of the credit toward the guaranty for another day.[8]
¶45 As Musikantow suggested at oral argument, specific characteristics of the subject property, in addition to other concerns, may play a role in a circuit court's determination of what is equitable under the circumstances. Because the circuit court could properly decouple the guaranty and foreclosure sale proceedings, its decision to do so was not an error of fact or law and thus its exercise of discretion was not erroneous.[9]
*78 *806 ¶46 We therefore conclude that when an action for foreclosure against a mortgagor and an action for a money judgment on a guaranty are brought in the same proceeding as in this case, the circuit court may, in its discretion, decide the separate questions of fair value for purposes of Wis. Stat. § 846.165 and the amount of any credit toward the judgment on the guaranty either at the same time or separately.
C
¶47 Having determined that Wis. Stat. § 846.165 does not apply and that the circuit court was within its discretion to allow the case to proceed on two separate tracks, we examine next the interpretation of the stipulation between the parties. The central question is whether the stipulation requires the $2,250,000 credit to be applied as the sole credit toward the guaranty.
¶48 All parties to this case entered into a stipulation, which the circuit court formalized through the issuance of an order. At issue here is paragraph 11 of the stipulation, which states:
The amount paid to [Horizon Bank] from the proceeds of said sale of the Premises, remaining after deduction by [Horizon Bank] of the amount of interest, fees, costs, expenses, disbursements and other charges paid or incurred by [Horizon Bank] not included in the monetary judgment against [Musikantow] (set forth *79 below) shall be credited by [Horizon Bank] as payment on said monetary judgment.
¶49 The court of appeals found paragraph 11 of the stipulation to be clear and dispositive. In concluding that the stipulation controls the amount of the credit to be applied toward the judgment against Musikantow, the court of appeals stated:
Musikantow conceded in the circuit court that the bid price of $2,250,000 represented the fair value of the subject property, and he does not argue otherwise on appeal. The circuit court expressly found that the bid represented the property's fair value, and it therefore confirmed the sheriff's sale. Upon confirmation of sale, title to the property was transferred to Horizon Bank, and the bank therefore received 'proceeds of said sale' worth $2,250,000. Accordingly, based on the parties' stipulation and the judgment entered according to its terms, the court should have applied a $2,250,000 credit toward the judgment against Musikantow.
Horizon Bank, Nat'l Ass'n, No. 2016AP832, unpublished slip op., ¶23.
¶50 The court of appeals misinterpreted the exclusive and determinative nature of the stipulation. Although the stipulation mandates that the amount of the winning bid at the sheriff's sale be credited on the judgment against Musikantow, it does not state that it must be the exclusive credit to be granted toward the judgment.
¶51 Contract interpretation generally seeks to give effect to the intentions of the parties. Tufail v. Midwest Hosp., LLC, 2013 WI 62, ¶25, 348 Wis. 2d 631, 833 N.W.2d 586 (citing *80 Seitzinger v. Cmty. Health Network, 2004 WI 28, ¶22, 270 Wis. 2d 1, 676 N.W.2d 426 ). However, subjective intent is not the be-all and end-all of contract interpretation. Id., ¶25 (citing Kernz v. J.L. French Corp., 2003 WI App 140, ¶9, 266 Wis. 2d 124, 667 N.W.2d 751 ). Rather, unambiguous contract *807 language controls the interpretation of contracts. Id. This court construes contracts as they are written. Id., ¶29.
¶52 The court of appeals implicitly concluded that the language in paragraph 11 of the stipulation was unambiguous. It determined that the stipulation provides for the "proceeds of the sale," and only the "proceeds of the sale," to be applied as a credit toward the judgment against the guarantor. See Horizon Bank, Nat'l Ass'n, No. 2016AP832, unpublished slip op., ¶24 ("the parties' stipulation requires a $2,250,000 credit toward the money judgment") (emphasis added).
¶53 Upon our independent review of the stipulation, we find it ambiguous as to the amount of the total credit. The operative portion of the stipulation provides that the proceeds of the sheriff's sale "shall be credited by [Horizon Bank] as payment on said monetary judgment" against Musikantow. It does not say that the proceeds of the sheriff's sale shall be the sole credit toward the judgment against Musikantow.[10]
¶54 The stipulation prescribes what must be done, but it does not describe that the amount is the *81 totality of the credit. Hence, the stipulation provides a "floor" for the amount of the credit, but not a "ceiling."[11]
¶55 Additionally, we observe that Musikantow declined to present evidence as to the value of the property with the expectation that he would be able to later contest the amount of the credit. The record undermines the court of appeals' conclusion that Musikantow conceded the amount of the credit. As set forth above, Musikantow requested several times that his credit not be bound by the amount of the winning bid at the sheriff's sale. Although he may have conceded the fair value for purposes of confirmation of sale, he did not concede the amount of the credit. As analyzed above, these are two separate questions.
¶56 Accordingly, we determine that the stipulation in this case does not establish that the amount of the winning bid at the sheriff's sale shall be the sole credit toward the money judgment against Musikantow.
*82 IV
¶57 In sum, we conclude that Wis. Stat. § 846.165 does not apply to credits toward a judgment on a guaranty. Rather, it applies to the relationship between only the mortgagee and mortgagor who signed the promissory note underlying the mortgage.
*808 Therefore, it cannot be read as requiring the circuit court to determine the amount of a credit to be applied to a judgment on a guaranty when confirming the foreclosure sale.
¶58 We further conclude that when an action for foreclosure against a mortgagor and an action for a money judgment on a guaranty are brought in the same proceeding as in the instant case, the circuit court may, in its discretion, decide the separate questions of fair value for purposes of Wis. Stat. § 846.165 and the amount of any credit toward the judgment on the guaranty either at the same time or separately. Accordingly, the circuit court did not erroneously exercise its discretion in decoupling these questions.
¶59 Finally, we determine that the stipulation in this case does not establish that the amount of the winning bid at the sheriff's sale shall be the sole credit toward the money judgment against Musikantow.
¶60 Accordingly, we reverse the decision of the court of appeals and remand to the circuit court for a determination of the amount of the credit to be applied toward the judgment against Musikantow as guarantor.
By the Court. -The decision of the court of appeals is reversed, and the cause remanded to the circuit court.

Horizon Bank, Nat'l Ass'n v. Marshalls Point Retreat LLC, No. 2016AP832, unpublished slip op., 373 Wis.2d 767, 2017 WL 389395 (Wis. Ct. App. Jan. 24, 2017) (per curiam) (reversing order of circuit court for Door County, D.T. Ehlers, Judge).

Wis. Stat. § 846.165 provides in relevant part:
(1) No sale on a judgment of mortgage foreclosure shall be confirmed unless 5 days' notice has been given to all parties that have appeared in the action.... and the notice shall state, in addition to other matter required by law, the amount of the judgment, the amount realized upon the sale, the amount for which personal judgment will be sought against the several parties naming them, and the time and place of hearing.
(2) In case the mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of sale, there shall be no presumption that such premises sold for their fair value and no sale shall be confirmed and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs (emphasis added).
All subsequent references to the Wisconsin statutes are to the 2015-16 version unless otherwise indicated.

The property at issue is an 8,738 square foot house situated on 21.20 acres with 797 feet of frontage along Lake Michigan.

See Wis. Stat. § 846.165(2) ("In case the mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of sale, there shall be no presumption that such premises sold for their fair value and no sale shall be confirmed and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs").

A waiver of a deficiency judgment against Marshalls Point does not preclude Horizon Bank from seeking payment from Musikantow. Indeed, a deficiency judgment cannot be granted against a guarantor because the guarantor's debt is pursuant to a contract apart from the promissory note. Stellmacher v. Union Mortg. Loan Co., 195 Wis. 635, 637, 219 N.W. 343 (1928).

The circuit court's belief in this regard was incorrect. Horizon Bank later filed a motion to dismiss the Florida action, which was granted. The amount of the credit was never determined by the Florida court.

Horizon Bank's position that a circuit court must determine the amount of a credit to be applied to a judgment on a guaranty during a hearing to confirm a foreclosure sale raises significant due process concerns. There is no statutory requirement that a guarantor receive notice of the confirmation hearing. Wisconsin Stat. § 846.165(1) requires notice "to all parties that have appeared in the action." Because a mortgagee can pursue foreclosure without ever joining the guarantor, the guarantor may never appear in the action and consequently may not receive notice of the hearing. Without statutorily-required notice, guarantors can be deprived of the ability to challenge the fair value of the property and thus be saddled with a credit amount they did not have the opportunity to contest.

Admittedly, an action based on a guaranty is a matter of contract and not equity. Nevertheless, because the actions were brought together, the exercise of the circuit court's equitable powers in the foreclosure proceeding can affect the action on the guaranty.

Although the circuit court's belief that the Florida court would decide the amount of the credit was ultimately incorrect, the circuit court was within its discretion to leave open the possibility of later deciding the amount of the credit itself. As explained above, such a decoupling of the confirmation of sale and the credit determination is within the circuit court's discretion.

The dissent's concern about dire consequences occasioned by the majority opinion misses an essential point. See dissent, ¶¶91 n.9, 92. It ignores that our conclusion is based on the interpretation of the particular stipulation at issue here. Contrary to the dissent's assertion, our determination does not upset the parties' reasonable expectations. Conversely, our decision should serve to drive banks and guarantors to write clearer stipulations that unambiguously reflect their intentions if they truly intend to resolve the full credit amount by stipulation.

Contrary to the suggestion of the dissent, McFarland State Bank v. Sherry, 2012 WI App 4, 338 Wis. 2d 462, 809 N.W.2d 58, does not control the interpretation of the stipulation. First, the McFarland State Bank court did not interpret contract language like that at issue here. Second, the lender in McFarland State Bank argued that the guarantor should receive a credit less than the fair value amount determined at the confirmation of sale. Id., ¶¶29-30.
The court of appeals rejected this argument, but did not conclude that a guarantor's credit must always be equal to the circuit court's fair value determination at the confirmation of sale. This is entirely consistent with our determination that the stipulation language in this case constitutes a "floor" but not a "ceiling" for the credit amount.