# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP000684-AC |
| COMPLETE TITLE: | Town of Lincoln, |
| |                Plaintiff-Appellant-Petitioner, |
| |    v. |
| | City of Whitehall, |
| |                Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 382 Wis. 2d 112,912 N.W.2d 403
PDC No:2018 WI App 33 - Published

| | |
|---|---|
| OPINION FILED: | April 17, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | January 16, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Trempealeau |
|   JUDGE: | Charles V. Feltes |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs filed by *Peter M. Reinhardt* and *Bakke Norman, S.C.*, Menomonie. There was an oral argument by *Peter M. Reinhardt*.

For the defendant-respondent, there was a brief filed by *Ryan J. Steffes* and *Weld Riley, S.C.*, Eau Claire. There was an oral argument by *Ryan J. Steffes*.

An amicus curiae brief was filed on behalf of Wisconsin Towns Association by *Richard Manthe*, Shawano.

An amicus curia brief was filed on behalf of Wisconsin Realtors Association, League of Wisconsin Municipalities,

Wisconsin Builders Association and NAIOP-WI by *Thomas D. Larson*, Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP684-AC
(L.C. No. 2015CV112)

STATE OF WISCONSIN : IN SUPREME COURT

**Town of Lincoln,**

    **Plaintiff-Appellant-Petitioner,**

    **v.**

**City of Whitehall,**

    **Defendant-Respondent.**

**FILED**

**APR 17, 2019**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 ANN WALSH BRADLEY, J. The petitioner, Town of Lincoln, seeks review of a published court of appeals decision affirming the circuit court's orders granting the City of Whitehall's motion to dismiss and motion for summary judgment.[1] The Town aims to challenge the City's annexation of a portion of the Town.

---

[1] Town of Lincoln v. City of Whitehall, 2018 WI App 33, 382 Wis. 2d 112, 912 N.W.2d 403 (affirming order of circuit court for Trempealeau County, Charles V. Feltes, J.).

¶2   Specifically, the Town contends that the court of appeals' decision was based on the erroneous classification of the petition as one for direct annexation by unanimous approval even though the annexation petition lacked the signatures of all the required landowners.  It asserts that the court of appeals erred in limiting the grounds on which the Town may challenge the annexation.

¶3   We conclude that the annexation petition in this case is not a petition for direct annexation by unanimous approval.  Because the limitations on annexation challenges set forth in Wis. Stat. § 66.0217(11)(c) (2015-16)[2] pertain to petitions for direct annexation by unanimous approval only, such limitations do not apply here.

¶4   Accordingly, we reverse the decision of the court of appeals and remand to the circuit court.

I

¶5   This case arises from a direct annexation effort by a group of landowners to annex a portion of the Town of Lincoln to the City of Whitehall.  The genesis of the annexation attempt came from Whitehall Sand and Rail, LLC (Whitehall Sand), a company that sought to site a sand mine on land located in the Town.  However, Whitehall Sand wanted the mine to be within the limits of the City.

---

[2] All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

2

¶6 Between 2013 and 2015, Whitehall Sand identified the property it desired to include in its proposed sand mine and approached the property owners with offers to purchase their land. Some of the offers to purchase were contingent on the land being annexed by the City.

¶7 In total, Whitehall Sand offered to purchase approximately 1,248 acres. At its narrowest point, the proposed annexed territory is about 1,100 feet wide, and the territory shares an estimated 4,000-foot border with the City.

¶8 The City and Whitehall Sand began negotiations on a development agreement related to the property to be annexed. After reviewing Whitehall Sand's proposed annexation maps, the City informed Whitehall Sand that its annexation petition could not exclude certain properties that would result in "islands" that were part of the City, yet surrounded entirely by the Town. Consistent with this directive, Whitehall Sand revised the annexation petitions and hired a land surveyor to prepare maps and legal descriptions. However, Whitehall Sand and the City were not able to finalize an agreement prior to the filing of the annexation petition that is the subject of this case.

¶9 On February 9, 2015, the direct annexation petition was filed with the City. The petition requested annexation of the identified Town land by the City in four phases,[3] with the

---

[3] Whitehall Electric Utility requested a four-phase annexation to ensure that it would be able to provide electricity to Whitehall Sand.

territory in each phase the subject of a separate city ordinance. Attached to the petition were four documents containing the legal descriptions of the land proposed to be annexed and corresponding maps.

¶10 The annexation petition was labelled as a petition for "direct annexation by unanimous approval" pursuant to Wis. Stat. § 66.0217(2).[4] However, the petition did not include the

---

[4] Wis. Stat. § 66.0217(2) provides:

**Direct annexation by unanimous approval.** Except as provided in this subsection and sub. (14), and subject to ss. 66.0301(6)(d) and 66.0307(7), if a petition for direct annexation signed by all of the electors residing in the territory and the owners of all of the real property in the territory is filed with the city or village clerk, and with the town clerk of the town or towns in which the territory is located, together with a scale map and a legal description of the property to be annexed, an annexation ordinance for the annexation of the territory may be enacted by a two-thirds vote of the elected members of the governing body of the city or village without compliance with the notice requirements of sub. (4). In an annexation under this subsection, subject to sub. (6), the person filing the petition with the city or village clerk and the town clerk shall, within 5 days of the filing, mail a copy of the scale map and a legal description of the territory to be annexed to the department and the governing body shall review the advice of the department, if any, before enacting the annexation ordinance. No territory may be annexed by a city or village under this subsection unless the territory to be annexed is contiguous to the annexing city or village.

4

signature of Fox Valley and Western, LTD, which owned a narrow strip of railroad land in the proposed annexation area.[5]

¶11 On April 29, 2015, the City's common council met and passed four annexation ordinances detaching the land described in the petition from the Town. The four ordinances corresponded to the four phases of the requested annexation.[6]

¶12 One month following the City's passage of the annexation ordinances, the Town timely sought review of the annexation from the Department of Administration (DOA) pursuant to Wis. Stat. § 66.0217(6)(d).[7] In its review of the annexation,

---

[5] The record reflects that on May 1, 2015, after the annexation petition had been filed, Trempealeau County's Real Property Lister Department sent a letter to the land surveyor hired by Whitehall Sand that asked: "Has the railroad company signed the petition to annex into the City of Whitehall?" In his deposition, the surveyor indicated that he did not think he responded to the letter, but that he did provide the letter to Whitehall Sand.

[6] The parties agree that the four annexation ordinances should be analyzed as if they constitute a single annexation.

[7] Wis. Stat. § 66.0217(6)(d)1. sets forth the scope of the Department of Administration's review of a direct annexation by unanimous approval:

> (d) *Direct annexation by unanimous approval.* 1. Upon the request of the town affected by the annexation, the department shall review an annexation under sub. (2) to determine whether the annexation violates any of the following, provided that the town submits its request to the department within 30 days of the enactment of the annexation ordinance:
>
> > a. The requirement under sub. (2) regarding the contiguity of the territory to be annexed with the annexing city or village.

(continued)

5

the DOA considered two requirements imposed by § 66.0217(6)(d)1. First, it considered the requirement that the annexation territory must be contiguous to the annexing city or village (the contiguity requirement). § 66.0217(6)(d)1.a. Second, it considered the requirement that if no part of the annexing city or village is located within the same county as the annexation territory, then the town board whose territory is being annexed must first adopt a resolution approving the proposed annexation (the same-county requirement, sometimes referred to as the "county parallelism" requirement). §§ 66.0217(6)(d)1.b., 66.0217(14)(b).

¶13 The DOA determined that although the City's annexation ordinance met the same-county requirement, it failed the contiguity requirement. Specifically, it observed that "Phase 2 constitutes a long and narrow corridor of territory which primarily serves to connect the much larger territory in Phases 3 and 4." Accordingly, the DOA concluded that the annexed land formed an impermissible "balloon-on-a-string" configuration that is "contrary to annexation law because it fails to constitute appropriate contiguity."[8] The DOA indicated that its "finding is advisory in nature, and is not binding upon any party." However, it also advised that its "finding does entitle the Town of Lincoln to challenge the annexation in circuit court,

---

b. The requirement under sub. (14)(b).

[8] See Town of Mt. Pleasant v. City of Racine, 24 Wis. 2d 41, 45-47, 127 N.W.2d 757 (1964).

6

pursuant to Wis. Stats. s. 66.0217(6)(d)2., should the Town choose to do so."[9]

¶14 Invoking its right to challenge the annexation in circuit court, the Town filed this declaratory judgment action. It sought a declaration that the City's annexation ordinances are invalid and unenforceable.

¶15 The Town raised several objections to the annexation. First, it contended that this petition for direct annexation by unanimous approval was procedurally defective in that it was not signed by all of the owners of real property in the territory. Because the Town advanced that the petition was not unanimous pursuant to Wis. Stat. § 66.0217(2), it argued that the petition was mislabeled as a "direct annexation by unanimous approval." Second, the Town asserted that the annexed territory was not contiguous to the annexing City. Third, the Town challenged the

---

[9] Wis. Stat. § 66.0217(6)(d)2. provides:

> Following its review, and within 20 days of receiving the town's request, the department shall send a copy of its findings to any affected landowner, the town affected by the annexation, and the annexing city or village. If the department does not complete its review and send a copy of its findings within 20 days of receiving the town's request, the effect on the town and the annexing city or village shall be the same as if the department found no violation of the requirements specified in subd. 1. If the department finds that an annexation violates any requirement specified in subd. 1., the town from which territory is annexed may, within 45 days of its receipt of the department's findings, challenge the annexation in circuit court.

7

annexation as arbitrary and in violation of the "rule of reason."[10] Relatedly, the Town argued that the City, rather than the petitioning landowners, was the "real controlling influence" behind the annexation petitions.[11]

¶16 Moving to dismiss each of the Town's claims with the exception of the contiguity challenge, the City argued that the Town was statutorily barred from challenging matters other than

---

[10] The "rule of reason" is a judicially-created doctrine courts have applied to assess the validity of annexations. See Town of Pleasant Prairie v. City of Kenosha, 75 Wis. 2d 322, 326-27, 249 N.W.2d 581 (1977). Pursuant to this rule, "which has as its essential purpose the ascertainment whether the power delegated to the cities and villages has been abused in a given case": (1) exclusions and irregularities in boundary lines must not be the result of arbitrariness; (2) some reasonable present or demonstrable future need for the annexed property must be shown; and (3) no other factors must exist which would constitute an abuse of discretion. Id. at 327; Town of Lafayette v. City of Chippewa Falls, 70 Wis. 2d 610, 624-25, 235 N.W.2d 435 (1975).

[11] When the municipality is the "real controlling influence" in selecting the boundaries of annexed territory, the municipality may be charged with any arbitrariness in the boundaries even though the property owners are the petitioners. In re Smith, Becker and McCormick Props., 2003 WI App 247, ¶22, 268 Wis. 2d 253, 673 N.W.2d 696. "'Influencing' the proceedings, in this context, means more than providing mere technical assistance or recommendations to the petition signers; rather, it means conduct by which the annexing authority dominates the petitioners so as to have effectively selected the boundaries." Town of Menasha v. City of Menasha, 170 Wis. 2d 181, 192, 488 N.W.2d 104 (Ct. App. 1992) (internal citation omitted). Stated differently, the annexing municipality is a "puppeteer and the petitioners puppets dancing on a municipal string." Town of Waukesha v. City of Waukesha, 58 Wis. 2d 525, 530, 206 N.W.2d 585 (1973).

contiguity pursuant to Wis. Stat. § 66.0217(11)(c).[12]   The circuit court agreed with the City and dismissed all claims except the contiguity challenge.

¶17 The City subsequently filed a motion for summary judgment asserting that the contiguity requirement was met as a matter of law.   Again, the circuit court agreed with the City. It determined that "there is no genuine issue of material fact that the annexed territory is, in fact, contiguous to the boundary of city of Whitehall in Wisconsin as it existed at the time of the annexation."

¶18 After the Town appealed, the court of appeals affirmed the circuit court's determination of both the motion to dismiss and the motion for summary judgment.   It concluded first that the circuit court properly dismissed all of the Town's claims other than the statutory contiguity claim.   Relying on Wis. Stat. §§ 66.0217(6)(d)1., (6)(d)2., and (11)(c), it determined that "a town is limited in a court action to challenging contiguity and county parallelism, the latter of which is not at issue here."   Town of Lincoln v. City of Whitehall, 2018 WI App 33, ¶2, 382 Wis. 2d 112, 912 N.W.2d 403.

¶19 The court of appeals concluded next that the circuit court properly granted the City's summary judgment motion on the Town's contiguity claim.   It arrived at this determination

---

[12] Wis. Stat. § 66.0217(11)(c) states:   "Except as provided in sub. (6)(d)2., no action on any grounds, whether procedural or jurisdictional, to contest the validity of an annexation under sub. (2), may be brought by any town."

9

because there is a "significant degree of physical contact" between the annexed territory and the annexing municipality. Id., ¶3.

¶20 Third, the court of appeals determined that the annexation is not subject to an arbitrariness challenge. Id., ¶4. It concluded that the annexed territory here is of an "unexceptional shape that does not warrant further scrutiny of the territory's boundaries." Id. Finally, the court of appeals concluded that "no factfinder could reasonably conclude the City was either a petitioner or the 'real controlling influence' directing the annexation proceedings." Id.

II

¶21 We are asked to review the court of appeals' determination that the circuit court properly granted the City's motion to dismiss on the ground that Wis. Stat. § 66.0217(11)(c) limits the Town's challenges to those of contiguity only. Whether a motion to dismiss was properly granted is a question of law this court reviews independently of the determinations rendered by the circuit court and court of appeals. Brew City Redevelopment Grp., LLC v. Ferchill Grp., 2006 WI 128, ¶15, 297 Wis. 2d 606, 724 N.W.2d 879.

¶22 We are also asked to review the court of appeals' decision affirming the circuit court's grant of summary judgment concluding that the annexed land is contiguous to the City as a matter of law. Likewise, we review a grant of summary judgment independently, applying the same methodology as did the circuit court. Novell v. Migliaccio, 2008 WI 44, ¶23, 309 Wis. 2d 132,

10

749 N.W.2d 544. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

¶23 In our review, we are required to interpret Wis. Stat. § 66.0217. Statutory interpretation is a question of law we review without deference to the determinations of the circuit court and court of appeals. Horizon Bank, Nat'l Ass'n v. Marshalls Point Retreat LLC, 2018 WI 19, ¶28, 380 Wis. 2d 60, 908 N.W.2d 797.

III

¶24 We begin our analysis with the threshold question of whether the petition for annexation that was filed in this case is a petition for "direct annexation by unanimous approval" within the meaning of Wis. Stat. § 66.0217(2). It is a threshold question because if we determine that the petition was erroneously denominated as one by unanimous approval, then the grounds on which the Town can challenge the annexation include unanimity and are not limited to contiguity only. Thus we would not need to address the substance of the contiguity issue.

¶25 "Direct annexation by unanimous approval" refers to a simplified procedure for direct annexation when all the electors and owners in the proposed territory to be annexed are unanimous in their approval of the annexation. Town of Lyons v. City of Lake Geneva, 56 Wis. 2d 331, 338, 202 N.W.2d 228 (1972). Such a procedure is a creature of Wis. Stat. § 66.0217(2). In relevant part, § 66.0217(2) provides:

11

> [I]f a petition for direct annexation signed by all of the electors residing in the territory and the owners of all of the real property in the territory is filed with the city or village clerk, and with the town clerk of the town or towns in which the territory is located, together with a scale map and a legal description of the property to be annexed, an annexation ordinance for the annexation of the territory may be enacted by a two-thirds vote of the elected members of the governing body of the city or village without compliance with the notice requirements of sub. (4). . . .

¶26 The Town contends that the annexation petition in this case is not a petition for direct annexation by unanimous approval. Despite being styled as such, the Town asserts that it is missing the signature of Fox Valley and Western, LTD, which owns land included in the annexation area. Responding to this argument, the City invokes Wis. Stat. § 66.0217(11)(c) to argue that the Town is limited to challenging the contiguity of the territory to be annexed. See § 66.0217(6)(d). In the City's view, § 66.0217(11)(c) precludes the Town from raising its challenge to the unanimity of the petition.

¶27 To resolve this dispute, we must interpret Wis. Stat. § 66.0217. Statutory interpretation begins with the language of the statute. State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we need not further the inquiry. Id. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning. Id.

12

¶28 We begin with the language of Wis. Stat. § 66.0217(11)(c): "Except as provided in sub. (6)(d)2., no action on any grounds, whether procedural or jurisdictional, to contest the validity of an annexation under sub. (2), may be brought by any town."[13] On its face, the restriction on "actions" supplied by this statute applies to a challenge to "an annexation under sub. (2)" only.[14]

¶29 Subsection (2) is entitled "Direct annexation by unanimous approval." Wis. Stat. § 66.0217(2). A petition under sub. (2) must be "signed by <u>all</u> of the electors residing in the territory and the owners of <u>all</u> of the real property in the territory . . . ." <u>Id.</u> (emphasis added). This is consistent with the common, ordinary, and accepted meaning of "unanimous": "having the agreement and consent of <u>all</u>." <u>Merriam-Webster's Collegiate Dictionary</u> 1360 (11th ed. 2014) (emphasis added); <u>see</u>

---

[13] <u>See</u> <u>supra</u>, ¶13 n.8.

[14] In addition to the limitation on challenges contained in Wis. Stat. § 66.0217(11)(c), there are two additional characteristics that distinguish a petition for direct annexation by unanimous approval from its counterpart annexation method, direct annexation by one-half approval.

First, with regard to signature requirements, a petition for direct annexation by unanimous approval must be "signed by all of the electors residing in the territory and the owners of all of the real property" in the proposed annexation territory. Wis. Stat. § 66.0217(2). In contrast, a direct annexation by one-half approval is less stringent. § 66.0217(3)(a)1-2. Second, petitions for direct annexation by one-half approval have certain notice requirements that do not apply to petitions for direct annexation by unanimous approval. <u>See</u> § 66.0217(4).

13

also <u>Black's Law Dictionary</u> 1756 (10th ed. 2014) (defining "unanimous" as "[a]rrived at by the consent of <u>all</u>") (emphasis added).

¶30 At oral argument before this court, the City conceded that if a petition for annexation does not have unanimous approval, then the petition does not fall under sub. (2), which applies to unanimous petitions only. Giving effect to the plain language of Wis. Stat. § 66.0217(2), we accept this concession.

¶31 Further, the City conceded at oral argument that the petition was not unanimous.[15] An examination of the annexation petition filed here confirms the propriety of the City's concession: the petition is missing the signature of Fox Valley and Western, LTD. A petition that lacks the signature of an owner of real property in the territory proposed for annexation is not "unanimous" for purposes of Wis. Stat. § 66.0217(2).[16]

---

[15] Counsel for the City responded, "Correct," when asked by the court, "So, the petition is not unanimous?"

[16] We observe also, as the City acknowledged at oral argument before this court, that if this petition had been filed as a petition for direct annexation by one-half approval pursuant to Wis. Stat. § 66.0217(3)(a) instead of by unanimous approval, it would similarly be invalid. A direct annexation by one-half approval must meet the notice requirements of § 66.0217(4). The City conceded at oral argument that "the petitioners did not comply with the notice requirements."

¶32 Such a defect in the petition is not de minimis, a possibility that the City raises in its brief.[17] The language of Wis. Stat. § 66.0217(2) leaves no room for such a conclusion. "Unanimous" means "unanimous."

¶33 Additionally, allowing a petition for annexation to proceed as a petition for direct annexation by unanimous approval despite a facial deficiency in the unanimity of the petition would potentially encourage the mislabeling of annexation petitions. This would prevent towns from raising challenges that would otherwise be available under the law if the petition had been labeled accurately. We are not bound by the labels placed on documents and instead must look to their substance. See In re Incorporation of Town of Fitchburg, 98 Wis. 2d 635, 647-48, 299 Wis. 2d 199 (1980).

¶34 The City also contends that even though Wis. Stat. § 66.0217(11)(c) bars towns from making certain annexation challenges, other parties remain able to challenge the annexation. We find this argument unpersuasive because the notice requirements for petitions for direct annexation by unanimous approval are different from those pertaining to

---

[17] The City contends that the "procedural deficiency" in the petition was de minimis. It asserts that "[n]early all state and local regulation of railroads is preempted by the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10101 et seq. The railroad company, which owns some of the land on which its tracks lie and has a right-of-way over the remaining land, thus has no reason to care whether the section of track at issue is in the Town of Lincoln or the City of Whitehall."

15

petitions for annexation by one half-approval or by referendum. Compare § 66.0217(2) with § 66.0217(4).

¶35 Wisconsin Stat. § 66.0217(2) explicitly states that "an annexation ordinance for the annexation of the territory may be enacted by a two-thirds vote of the elected members of the governing body of the city or village without compliance with the notice requirements of sub. (4)." In contrast, the specific notice requirement presented in sub. (4) applies to other types of annexation petitions. Namely, § 66.0217(4) requires the publication of a notice of intention to circulate a petition for direct annexation by one-half approval in the territory proposed for annexation. Additionally, the notice must be served upon the clerk of each municipality affected, the clerk of each school district affected and each landowner affected.

¶36 Because the petitioners in this case denominated the petition as one by unanimous approval, they did not follow the notice provisions of Wis. Stat. § 66.0217(4). Practically speaking, if electors or property owners in the annexation area receive no personal notice of a proposed annexation, how are they to file a timely challenge?

¶37 We therefore conclude that the annexation petition in this case is not a petition for direct annexation by unanimous approval. As the limitations on annexation challenges set forth in Wis. Stat. § 66.0217(11)(c) pertain to petitions for direct annexation by unanimous approval only, such limitations do not apply here.

¶38 Because we determine that the petition was misclassified as a petition for direct annexation by unanimous approval and reverse the decision of the court of appeals on that basis, we need not address the substance of the Town's contiguity challenge.

¶39 Accordingly, we reverse the decision of the court of appeals and remand to the circuit court.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded to the circuit court.