CARROLL, by Guardian *ad litem,* and another, Appellants, vs. WISCONSIN POWER & LIGHT COMPANY, Respondent.

*September 13—October 9, 1956.*

For the appellants there was a brief by *Eisenberg & Kletzke* and *John W. Bernard,* all of Milwaukee, and oral argument by *Mr. Bernard.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

STEINLE, J. The question presented is whether N. A. Landt, generating-station manager of the defendant corporation, was a "managing agent" or "superintendent" of the

corporation within the meaning of sec. 262.09 (3), Stats., upon whom a notice of injury as provided in sec. 330.19 (5) might properly have been served.

Sec. 330.19 (5), Stats., in part provides:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. . . . When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

Sec. 262.09 (3), Stats., in part provides:

"If [the action is] against any other domestic corporation, [the summons may be served by delivering a copy] to the president, vice-president, superintendent, secretary, cashier, treasurer, director, trustee, or managing agent."

The evidence is undisputed that the corporation is engaged in the business of generating and distributing electricity, distributing gas, and supplying water. It generates electricity at 30 different plants in the state and distributes it by transmission and distribution lines in 34 counties. It has approximately 2,000 employees. Its general office is in Madison where its policies are determined. It has a president, three vice-presidents, an assistant to the president, an auditor, secretary, and treasurer, an assistant treasurer, secretary, and auditor. It has 14 operating district offices which conduct the general business with customers and provide service. It has a number of generating stations such as the one at

Wisconsin Dells of which N. A. Landt was in charge. Landt directed operations at the plant, had charge of the machinery and its maintenance, and had 25 men under him. He obtained his instructions from K. F. Green, manager of production of the company, who was in charge of all generating plants. Green, who was not an officer, reported to one of the vice-presidents of the company. Landt also had under him a maintenance crew which traveled and worked on small hydro-plants of the company in the state. Landt recommended selection of people for employment in the generating plant, but the Madison office hired them. Landt issued requests for supplies, but the purchases were made by the Madison office. When served with the notice of injury herein, Landt advised the process server that he did not believe that he was a proper person to be served.

The trial court determined that a "superintendent" or "managing agent" designated in sec. 262.09 (3), Stats., is a person who has general supervision of the affairs of a corporation. Since 1858 the statutes of this state have provided that a person holding the position of "managing agent" is one to whom a copy of a summons may be delivered in the proper service of a domestic corporation for the commencement of an action. In construing the term "managing agent" as it appears in such statutes, this court has held that it relates to an agent having a general supervision of the affairs of the corporation. *Upper Mississippi Transportation Co. v. Whittaker* (1862), 16 Wis. *220. There is a distinction between an agent having charge of or conducting some business for a corporation, and a managing agent. *Minneapolis Threshing Machine Co. v. Ashauer* (1910), 142 Wis. 646, 649, 126 N. W. 113. In *Upper Mississippi Transportation Co. v. Whittaker, supra,* it was determined that a captain of a steamboat was not a managing agent upon whom proper service could be made. In *Archer v. Industrial Comm.* (1925), 185 Wis. 587, 201 N. W. 768, service on a claim

adjuster of a domestic corporation was held not to be service on a managing agent.

The term "superintendent" as it appears in sec. 262.09 (3), Stats., has a meaning corresponding to that of "managing agent" referred to therein. Both terms relate to a person possessing and exercising the right of general control, authority, judgment, and discretion over the business or affairs of the corporation, either on an over-all or part basis, *i. e.,* everywhere or in a particular branch or district.

The evidence is clear that N. A. Landt possessed no such authority with reference to his employment by the corporation at the generating plant at Wisconsin Dells. His authority was not general, but was limited to the management of the physical operation of the plant and its maintenance, and some physical service at smaller plants of the company. His position may be compared to that of the steamboat captain in *Upper Mississippi Transportation Co. v. Whittaker, supra,* or to that of a locomotive engineer or a foreman of a crew at an enginehouse of a railroad, none of which positions could be classified as "managing agent" or "superintendent" as heretofore defined herein. Landt was intrusted with no authority other than to see to it that the plant operated physically. In our opinion he was not one within the class of persons named in the statute upon whom valid service could be made.

*By the Court.*—Judgment affirmed.

CURRIE, J., took no part.