KESKE, Respondent, v. SQUARE D COMPANY, Appellant:
COCA COLA BOTTLING COMPANY, Defendant.

*No. 45. Argued March 26, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 189.)

310

For the appellant there were briefs by *Gibbs, Roper & Fifield* of Milwaukee and oral argument by *Richard S. Gibbs.*

For the respondent there was a brief by *Zafis, Rummel & Cahill* and *Andrew J. Zafis,* all of Oconomowoc, and oral argument by *Andrew J. Zafis.*

HANLEY, J. The sole issue on this appeal is whether the service of process made in this case was sufficient to obtain personal jurisdiction over the corporate defendant.

The threshold questions in any dispute over the adequacy of service of a summons relate not only to the very purpose of the summons which is to give notice to the defendant of the pendency of an action against him, but also to whether the appropriate statutory procedures for service have been complied with. *Heaston v. Austin*

(1970), 47 Wis. 2d 67, 176 N. W. 2d 309. Although Square D has never asserted that it did not have actual notice of plaintiff's action, it does argue and rightfully so, that ". . . when a statute prescribes how service is to be made, the statute determines the matter . . . ." *Punke v. Brody* (1962), 17 Wis. 2d 9, 13, 115 N. W. 2d 601. Therefore, the only question is whether sec. 262.06 (5), Stats., relating to the service of summons on corporations has been complied with.

In material part, sec. 262.06 (5), Stats., provides:

"262.06 **Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 262.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

". . .

"(5) DOMESTIC OR FOREIGN CORPORATIONS, GENERALLY. Upon a domestic or foreign corporation:

"(a) By personally serving the summons upon an officer, director or managing agent of the corporation either within or without this state. *In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.*

"(b) . . .

"(c) By serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant." (Emphasis added.)

Both parties agree that Vetta was not an officer, director or managing agent of the corporation. Plaintiff contends, however, that Vetta was "apparently in charge of the office" and the trial court so found.

Square D substantially relies on the case of *Carroll v. Wisconsin Power & Light Co.* (1956), 273 Wis. 490, 79 N. W. 2d 1 in support of its contention that they were not properly served. In *Carroll,* this court held that the manager of one of many electricity generating stations owned by the company throughout the state was not

a "superintendent" or "managing agent" within the meaning of sec. 262.09 (3), Stats., 1955, which provided:

"If against any other domestic corporation to the president, vice president, superintendent, secretary, . . . or managing agent."

What distinguishes *Carroll* from the case at bar is that the statute involved in *Carroll* rested upon a determination of whether the person there served actually possessed the power and authority of the kind normally commensurate with the individuals of the enumerated class upon whom service had to be made. In *Carroll, supra,* the court, at page 494, stated:

"Both terms [superintendent and managing agent] relate to a person possessing and exercising the right of general control, authority, judgment, and discretion over the business or affairs of the corporation, either on an over-all or part basis, *i.e.,* everywhere or in a particular branch or district." (Emphasis added.)

Sub. (5) (a), however, is framed in the alternative. If an "officer, director or managing agent of the corporation" cannot be personally served, then the summons can be left "with the person who is apparently in charge of the office." The use of the word "apparently" can only refer to what is apparent to the person actually serving the summons. Here, Schmidt was referred to Vetta by the receptionist, Mrs. Brickner, who, herself, testified that all process servers who would not state the precise nature of the action would be sent to Mr. Vetta because he was in charge and because she would not know who else to contact. Vetta himself testified that he had accepted service of summonses numerous times prior to November 20, 1969, and on at least one occasion it had been a summons in a products liability action against Square D, all without challenge by his corporate employer.

Although Vetta testified that he was not "in charge" the finding by the trial court that he appeared to

be in charge is not against the great weight and clear preponderance of the evidence and should not be disturbed. *Derusha v. Iowa National Mut. Ins. Co.* (1970), 49 Wis. 2d 220, 181 N. W. 2d 481.

Square D contends that even assuming Schmidt was justified in drawing the inference that Vetta was "apparently in charge of the office," the "office" referred to in the statute is the office of the officer, director or managing agent of the corporation and not the general corporate offices. Although the trial court so concluded, it nevertheless stated:

". . . I think it may well be that in some instances it would be unreasonable for a process server to conclude that someone outside of the immediate geographical office of the officer, director, or managing agent was apparently in charge of 'the office,' but I don't think that that is true in the instant case, where the process server was directed to Mr. Vetta, admittedly with no conclusive statement with regard to his authority to accept the process in question, but directed, nevertheless, for the resolution of his problem, to Mr. Vetta, and in spite of Mr. Vetta's disclaimer of being the 'man in charge' in view of Mr. Vaughn's engagement and unavailability. I find it not unreasonable for the process server to infer and conclude that Mr. Vetta was in fact in charge, and I think that that inference is bulwarked by the circumstance that he had in fact accepted process of the kind in question earlier and subsequently to the service in the specific instance."

The analysis of the statute by the trial court was correct. Although the statute refers to the "office" of the "officer, director or managing agent," this requirement loses significance where, as here, this office was but a few feet from the office of the individual actually served, and who the process server was specifically directed to serve in the temporary absence of the corporation officer. Moreover, to hold that while Vetta was authorized to accept process in matters relating to employee relations, while at the same time incompetent

to receive process in other actions, would produce a situation whereby a process server becomes a participant in a game of "hide-and-seek" at the mercy of secretaries or anyone else who chooses to prevent him from accomplishing his task. Such a conclusion is manifest by the fact that at no time did Vetta direct Schmidt to Vaughn's office only a few feet away from his and the place it is now argued the summons should have been left.

We concluded that the process server's conclusion that Mr. Vetta was "apparently in charge of the office" was reasonable under the facts, and that the fundamentals of process, to wit: notice and knowledge, had been accomplished. We further conclude that sec. 262.06 (5) (a), Stats., was complied with.

*By the Court.*—Order affirmed.