Shirley SACOTTE, Henry Sacotte, Jr., and Aetna Casualty
& Surety Company, a foreign corporation, Plaintiffs-
Respondents,

v.

IDEAL-WERK KRUG & PRIESTER MACHINEN-FABRIK, a
foreign corporation, Defendant-Appellant,

MICHAEL BUSINESS MACHINES CORPORATION, a foreign
corporation; National Union Fire Insurance Com-
pany of Pittsburgh, Pa., a foreign corporation;
Business Machines & Equipment Company, a foreign
corporation; and Michigan Mutual Insurance Com-
pany, a foreign corporation, Defendants.†

Court of Appeals

*No. 83–1135. Submitted on briefs February 13, 1984.—
Decided April 10, 1984.*
(Also reported in 349 N.W.2d 701.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Liebmann, Conway, Olejniczak & Jerry, S.C.,* and *William C. Griesbach* of Green Bay.

For the respondents the cause was submitted on the brief of *Weis, Cossi, Geissler & Dean, P.C.,* and *Frederick K. Geissler* of Ironwood, Michigan.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.  Ideal-Werk Krug & Priester Machinen-Fabrik, a West German corporation, appeals from an order denying its motion to dismiss the Sacottes' complaint for insufficient service of process and for lack of personal jurisdiction. It contends that delivery of the summons and complaint by mail is not by itself sufficient to confer personal jurisdiction under sec. 801.11 (5), Stats., and that a letter from its attorney to the Sacottes' attorney does not constitute a waiver of its jurisdictional defenses.  We agree with these contentions and reverse the order.  Because fact questions exist, however, that may still provide a basis for personal jurisdiction over Ideal-Werk, we remand the matter for further action by the trial court consistent with this opinion.

Shirley Sacotte injured her fingers while using a paper cutter manufactured by Ideal-Werk. Ideal-Werk originally sold the cutter to Michael Business Machines Corporation, Ideal-Werk's exclusive U.S. distributor. The cutter was eventually resold to Shirley's employer. The Sacottes personally served Michael and made five unsuccessful attempts to personally serve Ideal-Werk's U.S. counsel, Lawrence S. Lawrence. A copy of the summons and complaint was also sent by registered mail to Ideal-Werk's office in Balingen, West Germany. Lawrence then spoke with the Sacottes' attorney and confirmed by letter their agreement to extend the time for Ideal-Werk to "answer or otherwise move with repect to the complaint."

Ideal-Werk moved to dismiss the complaint for insufficient service of process and lack of personal jurisdiction. The trial court found that Lawrence's letter constituted a waiver of Ideal-Werk's jurisdictional defense and denied the motion.

Personal jurisdiction and a party's waiver of jurisdictional defenses are controlled by statute. *See* secs. 801.11 and 802.06(8), Stats. The interpretation of a statute is a question of law that we independently decide. *Nelson v. Union National Bank*, 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct. App. 1983).

█ The Sacottes' service by mail of Ideal-Werk did not confer personal jurisdiction. They contend that service by mail alone upon a corporation based outside of the United States is sufficient to confer personal jurisdiction. Section 801.11(5), Stats., determines what is proper service upon domestic or foreign corporations to confer personal jurisdiction. That section does not permit service by mail alone. Although not defined in ch 801, the term foreign corporation is defined elsewhere in the statutes as "a corporation . . . organized other-

wise than under the laws of this state." *See* secs. 180.02 (2), 226.01, Stats. Although these references both define the term for only those specific chapters, the use of the same definition in both chapters persuades us that this same meaning applies to ch. 801.[2] Service on a foreign-based corporation by mail alone, therefore, does not confer personal jurisdiction in Wisconsin. We cannot adopt the federal rule that allows service by mail alone in a foreign country. *See* Fed. R. Civ. P. 4(i)(1) (D).

Lawrence's letter did not waive Ideal-Werk's jurisdictional defense. Section 802.06(8), Stats., provides that a defense of lack of personal jurisdiction is waived only if it is omitted from a motion or if it is neither made by motion nor included in a responsive pleading. The statute makes it clear that these are the only ways the defense is waived. *Schroff v. Schroff,* 85 Wis. 2d 505, 515, 271 N.W.2d 379, 385 (1978). Lawrence's letter was neither a motion nor a responsive pleading.

Because the trial court held that Ideal-Werk waived its jurisdictional defense, it did not decide the other two issues the Sacottes raised. The Sacottes first contend that Lawrence was Ideal-Werk's agent for purposes of receiving service and that his avoidance of service estops Ideal-Werk from raising its jurisdictional defense. They cite no law, and we found none, supporting their contention that equitable estoppel can be used as a basis for personal jurisdiction where none previously existed.[3] While equitable estoppel may block a

---

[2] In addition, Black's Law Dictionary 410 (rev. 4th ed. 1968) defines a foreign corporation as "one created by or under the laws of another state, government or country."

[3] The Sacottes cite *Keske v. Square D Co.,* 58 Wis. 2d 307, 206 N.W.2d 189 (1973), to support their contention. The court in *Keske,* however, did not use equitable estoppel as a basis

party's use of affirmative defenses, we reject the contention that equitable estoppel can also be used as a basis for personal jurisdiction where some basis for personal jurisdiction does not already appear as of record.

The Sacottes also contend that Michael is either Ideal-Werk's managing agent, *see* sec. 801.11 (5) (a), Stats., or an agent authorized by appointment or by law to accept service for Ideal-Werk, *see* sec. 801.11 (5) (c), Stats., and that service upon Michael provides a basis for personal jurisdiction over Ideal-Werk. We cannot decide this question because the trial court did not take evidence or make findings of fact on this issue. We call the trial court's attention to *Carroll v. Wisconsin Power and Light Co.*, 273 Wis. 490, 79 N.W.2d 1 (1956), when deciding on remand if Michael was a managing agent under sec. 801.11 (5) (a). This matter is therefore remanded to the trial court for a further hearing on this issue.

*By the Court.*—Order reversed and cause remanded with directions.

---

for personal jurisdiction. The supreme court merely affirmed the trial court's finding that service was made on a person "apparently in charge of the office," one method of effecting proper service under § 262.09 (5), Stats. (now § 801.11 (5), Stats). Personal jurisdiction was based upon that proper service.