# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP69-FT |

| | |
|---|---|
| COMPLETE TITLE: | Greenwald Family Limited Partnership and Darwin Greenwald, |
| | Plaintiffs-Appellants-Petitioners, |
| | v. |
| | Village of Mukwonago, |
| | Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
(2022 – unpublished)

| | |
|---|---|
| OPINION FILED: | June 21, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 20, 2023 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Waukesha |
| JUDGE: | Lloyd Carter |

JUSTICES:
ANN WALSH BRADLEY, J., delivered the majority opinion of the Court, in which DALLET, HAGEDORN, and KAROFSKY, JJ., joined. ZIEGLER, C.J., filed a dissenting opinion in which ROGGENSACK and REBECCA GRASSL BRADLEY, JJ., joined.

NOT PARTICIPATING:

ATTORNEYS:

For the plaintiffs-appellants-petitioners, there were briefs filed by *Joseph R. Cincotta* and the *Law Offices of Joseph R. Cincotta,* Shorewood. There was an oral argument by *Joseph R. Cincotta.*

For the defendant-respondent, there was a brief filed by *Remzy D. Bitar, Adam J. Meyers, Gregory M. Procopio,* and

*Municipal Law & Litigation Group, S.C.,* Waukesha. There was an oral argument by *Remzy D. Bitar.*

An amicus curiae brief was filed by *Maria Davis* and *Claire Silverman* for the League of Wisconsin Municipalities.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP69-FT
(L.C. No. 2020CV494)

STATE OF WISCONSIN      :      IN SUPREME COURT

**Greenwald Family Limited Partnership and Darwin Greenwald,**

      **Plaintiffs-Appellants-Petitioners,**

  **v.**

**Village of Mukwonago,**

      **Defendant-Respondent.**

**FILED**

**JUN 21, 2023**

Samuel A. Christensen
Clerk of Supreme Court

ANN WALSH BRADLEY, J., delivered the majority opinion of the Court, in which DALLET, HAGEDORN, and KAROFSKY, JJ., joined. ZIEGLER, C.J., filed a dissenting opinion in which ROGGENSACK and REBECCA GRASSL BRADLEY, JJ., joined.

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 ANN WALSH BRADLEY, J. The petitioners, Greenwald Family Limited Partnership and Darwin Greenwald (collectively, Greenwald), seek review of an unpublished order of the court of appeals that affirmed the circuit court's dismissal of the defendant, Village of Mukwonago, due to improper service of a

notice of appeal.[1] Greenwald contends that dismissal is not appropriate in this special assessment appeal because it satisfied the requirement of Wis. Stat. § 66.0703(12)(a)(2019-20)[2] to "serve a written notice of appeal upon the clerk."

¶2 Specifically, Greenwald advances that Wis. Stat. § 801.14(2) controls the manner of service that we must apply here because the failure of Wis. Stat. § 66.0703(12)(a) to define "serve" renders it ambiguous. The Village argues to the contrary, contending that § 801.14(2) does not apply because the clerk is not a "party" to the proceedings. It additionally asserts that § 66.0703(12)(a) is unambiguous and requires strict compliance such that Greenwald's failure to serve the clerk mandates dismissal of the case.

¶3 We conclude that the clerk is not a party to the proceeding, and thus Wis. Stat. § 801.14(2) does not apply. Additionally, like the court of appeals, we determine that Wis. Stat. § 66.0703(12)(a) is unambiguous. The statute's plain meaning mandates service of written notice on the Village clerk, which Greenwald did not accomplish. Therefore, Greenwald's failure to comply with § 66.0703(12)(a) requires dismissal of this action.

---

[1] Greenwald Fam. Ltd. P'ship v. Village of Mukwonago, No. 2021AP69-FT, unpublished order (Wis. Ct. App. Feb. 16, 2022) (summarily affirming the order of the circuit court for Waukesha County, Lloyd Carter, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

¶4 Accordingly, we affirm the decision of the court of appeals.

I

¶5 In order to provide context for the legal questions presented, we set forth an abbreviated recitation of the underlying facts, describing the procedural steps that were taken, and those not taken.

¶6 Greenwald owns properties in the Village of Mukwonago. In 2019, the Village voted to create a special assessment district and levied special assessments against properties included within this district. At least one of Greenwald's properties was located in the special assessment district.

¶7 Greenwald challenged the special assessment. Its complaint alleged jurisdiction "pursuant to Wis. Stats. § 66.0703(12) governing the right to appeal special assessments and other applicable law."

¶8 In commencing its challenge, Greenwald filed first a summons and complaint in the circuit court. The next day, Greenwald's attorney emailed the Village attorney and the clerk of the Village. The email was addressed to the Village attorney and asked if the attorney could "accept service for the Village." The clerk was not included on any subsequent email communications.

¶9 The Village attorney responded to Greenwald's attorney, stating, "Yes we will admit service, please forward that to me at this point[.]" Greenwald's attorney sent back an email with copies of the summons and complaint, along with a

3

template denominated "Admission of Service of Summons and Complaint." The Village attorney signed this document, which stated: "I am counsel for the Defendant Village of Mukwonago in this action and have received and admit service of an authenticated copy of the summons and complaint on behalf of the Defendant," and emailed it back to Greenwald's attorney.

¶10 Weeks later, Greenwald's attorney again emailed the Village attorney. This email message stated, "Attached is a copy of a notice relative to the Special Assessment matter. This is also being mailed to your office by regular mail." Greenwald's attorney additionally attached a cover letter to this email that stated:

> Regarding this matter, I have enclosed a Notice of Appeal to be provided to the Clerk of the Village in accordance with Wis. Stats. 66.0703(12). Also a check in the amount of $150.00 to serve as a bond for costs. You have already admitted service of the actual court filing and so I gather that the Clerk has actual notice of [Greenwald]'s appeal of the special assessment. Please let me know if the Village has any objection to this filing. Or requires further action by Plaintiff to be in compliance with the bond requirement.

¶11 In response, the Village filed a motion to dismiss.[3] It argued that because Greenwald did not serve a written notice of appeal on the Village clerk, the circuit court lacked subject matter jurisdiction or competency to proceed. The motion also alleged that Greenwald failed to comply with the specific bond

---

[3] Wis. Stat. §§ 801.04(1); 802.06(2)(a)2.

No. 2021AP69-FT

requirements.[4] Ultimately, the circuit court granted the motion and dismissed the action.

¶12 Greenwald appealed and the court of appeals summarily affirmed the circuit court's order. Greenwald Fam. Ltd. P'ship v. Village of Mukwonago, No. 2021AP69-FT, unpublished order (Wis. Ct. App. Feb. 16, 2022). The court of appeals unanimously concluded that Wis. Stat. § 66.0703(12)(a) unambiguously requires service of a written notice of appeal upon the clerk and that Greenwald's failure to comply with this statute requires dismissal of the complaint. It further disposed of Greenwald's reliance on Wis. Stat. § 801.14(2) as misplaced because "the Village clerk is not and never was a party" to this case. Id. at 3. Greenwald petitioned for this court's review.

II

¶13 We are called upon to review the court of appeals' decision summarily affirming the circuit court's order granting the Village's motion to dismiss. Whether a motion to dismiss was properly granted is a question of law that this court reviews independently of the determinations rendered by the circuit court and court of appeals. Town of Lincoln v. City of Whitehall, 2019 WI 37, ¶21, 386 Wis. 2d 354, 925 N.W.2d 520.

¶14 This review requires us to interpret several Wisconsin statutes. The interpretation of a statute presents a question of law that we review independently of the determinations of the

---

[4] Compliance with the statutory bond requirements, Wis. Stat. § 66.0703(12)(a), is not at issue in this case and we do not address it.

circuit court and court of appeals. Sw. Airlines Co. v. DOR, 2021 WI 54, ¶16, 397 Wis. 2d 431, 960 N.W.2d 384.

¶15 In our examination we employ tools of statutory interpretation that provide guiding principles for our inquiry. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. "We assume that the legislature's intent is expressed in the statutory language." Id.

¶16 "In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute." Id., ¶46. If the text of the statute is plain and unambiguous, our inquiry may stop there. Id., ¶45.

III

¶17 It is clear from the plain language of Wis. Stat. § 66.0703(12)(a) that in order to file an appeal from a special assessment, the clerk must be served.[5] That much is not in dispute. Rather, what is in dispute is the manner in which such service may be achieved.

¶18 The Village argues service upon the clerk was not accomplished here because nothing was ever actually served on

---

[5] From the outset, the dissent misstates the issue, resulting in a skewed focus. In its very first paragraph, the dissent states: "At issue is whether legal documents were properly served on the Village." Dissent, ¶49. This is not the issue. Rather, the issue is whether the clerk has been served in a manner consistent with Wis. Stat. § 66.0703(12)(a).

the clerk.  Greenwald, on the other hand, contends that service was accomplished in a manner consistent with Wis. Stat. § 801.14(2) when it emailed the notice of appeal to the Village attorney.

¶19  In resolving this case, we look first to the texts of the relevant statutes and then address each of Greenwald's arguments in turn.  Ultimately, we determine, for the reasons set forth below, that Wis. Stat. § 66.0703(12)(a) controls and that Greenwald's failure to comply with its unambiguous mandate requires dismissal of this action.

A

¶20  We begin our inquiry by examining the text of the relevant statutes.  The linchpin of Greenwald's argument is that Wis. Stat. § 801.14(2) applies, providing the manner of service that we must employ here.  It reaches this assertion in part by arguing that Wis. Stat. § 66.0703(12)(a) is ambiguous because "serve" is not defined.

¶21  Accordingly, we set forth first the text of Wis. Stat. § 801.14(2).  It provides in relevant part:

> Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court.

§ 801.14(2) (emphasis added).

¶22  Next, we look to Wis. Stat. § 66.0703(12)(a), which establishes the right of a person with an interest in land

7

affected by the determination of a governing body to appeal the determination to the circuit court:

> A person having an interest in a parcel of land affected by a determination of the governing body, under sub. (8)(c), (10) or (11), may, within 90 days after the date of the notice or of the publication of the final resolution under sub. (8)(d), appeal the determination to the circuit court of the county in which the property is located. <u>The person appealing shall serve a written notice of appeal upon the clerk of the city, town or village</u>. . . .

§ 66.0703(12)(a) (emphasis added). Once the notice of appeal is served on the clerk, the statute delineates tasks that the clerk must undertake:

> The clerk, if an appeal is taken, shall prepare a brief statement of the proceedings in the matter before the governing body, with its decision on the matter, and shall transmit the statement with the original or certified copies of all the papers in the matter to the clerk of the circuit court.

<u>Id.</u>

¶23 In examining the text of the statutes, we keep in mind that "[t]he plain meaning of statutory language is generally the '"common," "ordinary," "natural," "normal," or dictionary definition[ ]' of a term." <u>Wilcox v. Est. of Hines</u>, 2014 WI 60, ¶25, 355 Wis. 2d 1, 849 N.W.2d 280. Therefore, in our examination, we may "consult a dictionary in order to guide our interpretation of the common, ordinary meanings of words," <u>Stroede v. Soc'y Ins.</u>, 2021 WI 43, ¶12, 397 Wis. 2d 17, 959 N.W.2d 305, as would the average reader.

8

B

¶24 Greenwald argues that Wis. Stat. § 801.14(2), which applies to civil actions generally, controls the resolution of this case. It contends that service was accomplished consistent with that statute when it emailed the notice of appeal to the Village attorney.

¶25 At the outset we observe that there is no directive in Wis. Stat. § 66.0703(12)(a) that points to the application of Wis. Stat. § 801.14(2). The legislature has in certain instances specifically directed individuals to follow the procedures laid out in chapter 801.

¶26 For example, Wis. Stat. § 74.37(2)(b)5., providing for a claim for an excessive tax assessment, directs an individual filing an appeal to serve a claim "on the clerk of the taxation district, or the clerk of the county that has a county assessor system, in the manner prescribed in s. 801.11(4)." See also Wis. Stat. § 125.12(2)(d) (an individual seeking judicial review of the revocation or suspension of an alcohol license must serve pleadings "on the municipal governing body in the manner provided in ch. 801"); Wis. Stat. § 893.80(1d)(a) (an individual bringing a claim against a governmental body or officers, agents, or employees is required to serve a written notice of the claim under § 801.11). There is no such directive in § 66.0703(12)(a).

¶27 Admittedly, the legislature need not always explicitly point to ch. 801 in order for it to apply and this opinion should not be taken to invoke such a requirement. Nevertheless,

9

although we do not rest our conclusion on this omission, the lack of a directive informs our discussion. We are mindful of the maxim that if the legislature wanted to give such a directive, it certainly knows how to do so.

¶28 Having examined what Wis. Stat. § 801.14(2) does not direct, we turn to examine its language and discern what it actually directs: if a party to the proceeding is represented, service on that party can be accomplished by service on the attorney. § 801.14(2) ("Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court.").[6] It follows that if the clerk

---

[6] The dissent asserts in conclusory fashion that Wis. Stat. § 801.14(2) applies. See Dissent, ¶69. It advances that "Wisconsin Stat. § 801.14(2) appears to require that Greenwald serve the Village attorney, not the Village clerk." Id. However, the dissent fails to address whether the municipal clerk is a "party represented by an attorney," such that § 801.14(2) would require service upon the attorney here. Absent the conclusion that the clerk is a party (a conclusion the dissent does not reach), the dissent fails to explain how § 801.14(2) could apply.

In contrast to the conclusory assertion above, the bulk of the dissent's statutory analysis applies § 801.11(4). The obvious problem for the dissent is that Greenwald never briefed or argued that statue below. Accordingly, neither the circuit court nor the court of appeals considered it. We first see § 801.11 in Greenwald's reply brief in this court.

10

of the Village is a party to this proceeding, then service of the notice of appeal may be satisfied by serving the clerk's attorney.

¶29 This begs the question: is the clerk a party to the proceeding? The word "party" in the context of a legal proceeding is commonly defined as "[a] person or group involved in a legal proceeding as a litigant," Party, American Heritage Dictionary of the English Language 1321 (3d ed. 1992), or "one (as a person, group, or entity) constituting alone or with others one of the sides of a proceeding, transaction, or agreement." Party, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/party (last visited June 12, 2023). Greenwald says yes, that the clerk is a party "because the Clerk is part of the party at issue, the Village."

¶30 At oral argument, Greenwald's attorney repeatedly returned to the language of Wis. Stat. § 66.0703(12)(a), emphasizing that the written notice of appeal must be served upon the clerk of the municipality. In its briefing, it also attempted to draw support from Outagamie County v. Town of Greenville, 2000 WI App 65, 233 Wis. 2d 566, 608 N.W.2d 414, to emphasize the relationship between the clerk and the

---

Generally, "issues not raised or considered by the circuit court will not be considered for the first time on appeal." McKee Fam. I, LLC v. City of Fitchburg, 2017 WI 34, ¶32, 374 Wis. 2d 487, 893 N.W.2d 12. Similarly, "arguments raised for the first time in reply briefs are generally not addressed'" Paynter v. ProAssurance Wis. Ins. Co., 2019 WI 65, ¶108, 387 Wis. 2d 278, 929 N.W.2d 113.

11

municipality. Greenwald highlighted a portion of a footnote stating, "[c]ertainly, the better procedure is for an aggrieved party to first file its notice of appeal with the circuit court and then serve the notice on the appropriate party——here, the town clerk." Id., ¶12 n.3. Greenwald appears to conclude based on this footnote that the clerk is a "party" to this special assessment challenge.

¶31 However, Greenwald reads too much into the use of the word "party" in this footnote. It is readily apparent from the quotation in Outagamie County that the term "party" there is used in the colloquial sense, referring generally to an entity. If, as Greenwald contends, clerks can be defined as parties solely because they are part of the party at issue, then anyone who is part of the Village could also be classified as a party to the proceeding. Surely all municipal employees do not become parties to legal proceedings against a municipality by virtue of their employment.

¶32 Similarly, Greenwald also reads too much into the use of the word "of" in Wis. Stat. § 66.0703(12)(a). The language of § 66.0703(12)(a) requires service "upon the clerk of the city, town or village." This language does not name the clerk as a representative of the municipality. Rather, it merely states the job title of the person who must be served.

¶33 Municipal clerks, while playing a vital role in the functioning of local government, neither determine special assessments nor impose or enforce special assessments. Additionally, Greenwald asserts that the clerk is the

12

"representative" or the "official representative" of the Village body politic, but cites no authority for the proposition that in this context the clerk is synonymous with the Village. Put simply, the fact that the legislature designated the clerk as the official upon whom a notice of appeal must be served does not transform the clerk into a party to the lawsuit.

¶34 Indeed, Greenwald's preferred construction of the term "party" in Wis. Stat. § 801.14(2) considerably broadens this term. Such a construction would lead to conflicting statutory obligations, resulting in confusion to the bar and public.

¶35 We are in accord with the admonition advanced in the helpful amicus curiae brief of the League of Wisconsin Municipalities that warns of the confusion that would result from Greenwald's statutory interpretation:

> Construing "party" under § 801.14(2) to include a clerk simply by virtue of being a municipal officer tasked with receiving the notice of appeal will completely redefine and substantially broaden the term "party," and place the mandatory requirements of §§ 801.14(2) and § 66.0703(12)(a) directly in conflict. Such a broad definition would lead to confusion and potentially open a Pandora's box of competing obligations.

¶36 Ultimately, we conclude that the clerk is not a party to the proceeding and thus Wis. Stat. § 801.14(2) does not apply. Such application would broaden the term "party" and

13

place the two statutory provisions in conflict, causing unnecessary confusion.[7]

C

¶37 We turn next to Greenwald's claims of ambiguity. It argues that Wis. Stat. § 66.0703(12)(a) is ambiguous because "serve" is not defined. Accordingly, it advances that if procedural language is ambiguous, it must be liberally construed to permit a determination on the merits. See DOT v. Peterson, 226 Wis. 2d 623, 633, 594 N.W.2d 765 (1999).

¶38 In examining Wis. Stat. § 66.0703(12)(a)'s plain language, several requirements are readily apparent from the text. First, a person seeking an appeal under § 66.0703(12)(a) must file within 90 days after the date of notice or publication of the final resolution. Second, and most importantly for our purposes, the text indicates that one of the steps required for appeal is serving a written notice of appeal "upon the clerk." This requirement is important because, as the statute continues, the clerk must commence with administrative tasks related to the appeal: preparing a brief statement of the proceedings and transmitting the statement with all relevant materials to the

---

[7] The Village additionally contends that Wis. Stat. §§ 66.0703 and 801.14 conflict and that because § 801.14 is general and § 66.0703 is more specific, the latter must control. See Belding v. Demoulin, 2014 WI 8, ¶17, 352 Wis. 2d 359, 843 N.W.2d 373 ("In the event of 'a conflict between a general and a specific statute, the latter controls.'"). However, because we conclude that the clerk is not a party, and Wis. Stat. § 801.14 applies to parties only, it is not necessary to reach this argument.

14

clerk of the circuit court. These obligations are unambiguous and readily discernable by anyone examining the text of the statute.

¶39 The fact that "serve" is not defined does not compel a finding of ambiguity. "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." Kalal, 271 Wis. 2d 633, ¶47. Our goal in statutory interpretation is to ascertain the meaning of a statute. Id. It is not to search for ambiguity. Id. The statute unambiguously requires service of a notice of appeal upon the clerk, meaning that something must be presented or delivered to the clerk. That did not happen here and therefore Greenwald's argument in favor of liberal construction due to ambiguity is unavailing.

¶40 Greenwald turns to the rules of civil procedure because, it claims, "[i]nitiating a circuit court challenge to a special assessment" is unclear and that filing and service of a summons and complaint is equivalent to filing and service of the notice of appeal. It relies on Mayek v. Cloverleaf Lakes Sanitary Dist. #1, 2000 WI App 182, 238 Wis. 2d 261, 617 N.W.2d 235, for this assertion of ambiguity.

¶41 In Mayek, the plaintiff challenged a special assessment by filing a summons and complaint with the circuit court and, importantly, served it on the clerk. Id., ¶2. The defendant argued that the plaintiff's actions in serving the clerk with the summons and complaint did not pass muster because

15

a summons and complaint is not the same as a notice of appeal. Id., ¶3.

¶42 The court of appeals concluded that Wis. Stat. § 66.60(12) (1997-1998),[8] the predecessor statute to § 66.0703(12)(a), was ambiguous. Id., ¶5. The language was determined to be ambiguous because "[a]lthough § 66.60(12)(a) sets forth a process to initiate an appeal of a special assessment, it does not fully describe that process. Specifically, it does not prescribe how the appeal is to be filed in the circuit court." Id. (internal citation omitted). Thus, plaintiff's construction of the statute was reasonable and his "summons and complaint challenging an assessment constitute[d] a notice of appeal for purposes of complying with Wis. Stat. § 66.60(12)." Id., ¶25.

¶43 However, Mayek is inapplicable to the situation at hand. In Mayek, the plaintiff actually served the summons and complaint on the clerk. Id., ¶2. In this case, Greenwald served the summons and complaint on the Village attorney only. Although, as explained in Mayek, there may be ambiguity describing how the appeal is to be filed in the circuit court, there is no ambiguity in describing the requirement that the

_____

[8] The statute at issue, Wis. Stat. § 66.0703(12)(a), was renumbered and amended in 1999. 1999 Wis. Act 150, § 532. According to the legislative drafting file, amendments to chapter 66 were "nonsubstantive, editorial changes that modernize the language," and "primarily a technical project to make ch. 66 more useful to those who refer to it." Drafting File, 1999 Wis. Act 150, Legislative Reference Bureau, Madison, Wis.

16

clerk must be served with a notice of appeal. As expressed above, serving the Village attorney here does not constitute serving the clerk. Hence, although the <u>Mayek</u> plaintiff fulfilled his statutory obligations to serve the clerk, Greenwald did not.

D

¶44 Finally, we turn to Greenwald's remaining argument that because the Village attorney initially admitted service of the summons and complaint, the attorney was then obligated to accept delivery of future filings.[9] The Village rebuts this argument by asserting that even though the Village attorney admitted service of the summons and complaint, he did so on behalf of the Village governing body and not the clerk.

¶45 We agree that the Village attorney's act of admitting service after the first email does not obviate Greenwald's statutory obligation pursuant to Wis. Stat. § 66.0703(12)(a) to serve a notice of appeal upon the clerk in this special assessment appeal. The Village attorney's response to the first email did not in any way imply that he represented the clerk. Importantly, the email that Greenwald's attorney sent asked the Village attorney if he would "accept service for the Village."

---

[9] At oral argument several avenues of potential relief were advanced by the court. Specifically suggested were the timeline of filing a notice of appeal, <u>see</u> Wis. Stat. § 66.0703(12)(a), as well as ethical obligations to refrain from contact with a person represented by counsel. <u>See</u> SCR 20:4.2. However, because those theories were neither briefed here nor argued below, we do not address them.

17

The Village attorney accepted service of the summons and complaint on behalf of the defendant Village only. He never told Greenwald's attorney that he was accepting such service on behalf of the clerk as well. Thus, § 66.0703(12)(a) still requires Greenwald to serve a written notice of appeal upon the clerk, which it did not accomplish.

¶46 Requiring compliance with procedural statutes can sometimes yield difficult results. Yet "[c]ompliance with the statutory provisions prescribing the manner for proceeding in the circuit court serves the public policy of maintaining an orderly and uniform way of conducting court business." Aiello v. Village of Pleasant Prairie, 206 Wis. 2d 68, 72, 556 N.W.2d 697 (1996).

¶47 In sum, we conclude that the clerk is not a party to the proceeding, and as such, Wis. Stat. § 801.14(2) does not apply. Additionally, like the court of appeals, we determine that Wis. Stat. § 66.0703(12)(a) is unambiguous. The statute's plain meaning mandates service of written notice on the Village clerk, which Greenwald did not accomplish. Therefore, Greenwald's failure to comply with § 66.0703(12)(a) requires dismissal of this action.

¶48 Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

18

¶49 ANNETTE KINGSLAND ZIEGLER, C.J. *(dissenting)*. I dissent because the majority incorrectly concludes that Darwin Greenwald and Greenwald Family Limited Partnership (collectively "Greenwald") cannot challenge the levying of a special assessment against Greenwald's property because its attorney sent the pertinent service documents to the Village's attorney, as instructed, rather than to the clerk. At issue is whether legal documents were properly served on the Village. The facts of this case are fairly unremarkable in that it is undisputed the Village attorney, who asked to be served the documents and who accepted service of the documents, was served. Greenwald initially notified, in the same email, both the Village clerk and the Village attorney that Greenwald had filed suit and inquired who should be served with the documents. Specifically, Greenwald, through counsel, asked them both if the Village attorney "can accept service for the Village." The Village attorney replied to Greenwald alone, removing the clerk from the email, and said he "will admit service" for the Village. The Village clerk was also not included on future emails, including the emails that served the legal documents.[1] Now the Village argues that its attorney is not authorized to accept service, despite the attorney specifically accepting and admitting service for the Village. It was the attorney who removed the

---

[1] It is undisputed that Greenwald thereafter sent the Village attorney both a summons and complaint and a document titled "notice of appeal," all within the 90-day statutory time limit. Either set of documents can serve as a notice of appeal to the Village, and the Village attorney received both.

1

clerk from the email, indicating to Greenwald's counsel that further communication with the clerk was to go through Village counsel. Attorneys accept service on behalf of their clients on a regular basis. This is nothing new.

¶50 To determine how to properly "serve" the Village under Wis. Stat. § 66.0703(12)(a), one must look to Wis. Stat. ch. 801 governing service in civil cases. Under Wis. Stat. § 801.11(4), personally serving the president or clerk is an option for serving a municipality. But the Village was represented by counsel, who agreed to accept service, and Greenwald was therefore not wrong to serve the Village attorney under Wis. Stat. § 801.14(2). In fact, that statute may require that the attorney be served instead of the clerk. At a minimum, there is flexibility in the service requirements under the relevant statutes. As further example, one may instead serve whoever "is apparently" able to receive process. § 801.11(4)(b). It is difficult to see how that is not satisfied by service on the Village's attorney. One may also serve a municipality "by some other method" with the responding party's written consent. Wis. Stat. § 801.18(5)(d). Again, given that the Village attorney asked for and accepted service on behalf of the Village, how isn't that satisfied? Greenwald successfully served the Village under either of these provisions. The Village attorney branded himself as the person "apparently" able to receive process. His email accepting service also constituted consent on behalf of the Village to accept service in the manner it was received. As

2

a result, Greenwald properly served the Village in conformance with § 66.0703(12)(a), and its lawsuit should proceed.

¶51 The majority, nonetheless, concludes Greenwald's claim must be dismissed because it was the Village attorney instead of the non-attorney Village clerk who received the documents. The majority opinion departs from the law and common sense. Serving the Village attorney, like serving the Village clerk, here constitutes service of the Village itself. The Village attorney, like the Village clerk, represents the Village to receive process. Not every village may be in a position to have a known attorney who can accept service, and the statutes provide a process for serving villages without attorneys. But that process is not exclusive. Greenwald properly served the Village, relying on counsel's acceptance of service. Do we really expect lawyers to serve counsel and also serve represented parties for fear that counsel will later somehow argue that they were not qualified to accept service for their client? The majority does. I would not. Importantly, the law does not dictate such a result.

## I.  FACTUAL BACKGROUND

¶52 On March 17, 2020, Greenwald filed a complaint in Waukesha County circuit court challenging the Village of Mukwonago's special assessment of Greenwald's property. According to the complaint, Greenwald owns "properties located in or adjacent to the Village of Mukwonago." The complaint alleged that in 2019, the Village established a special assessment district that included several of Greenwald's

3

properties. The Village mailed Greenwald a notice of the final resolution on January 16, 2020. Greenwald alleged the Village's special assessment was unlawful because "[t]he planned improvements are not needed or wanted by [Greenwald] and more importantly will not benefit [its] properties," and because the Village "impose[d] [the] special assessment against properties located [in] and governed by the Town of Mukwonago, not the Village."

¶53 Greenwald's response to the Village's motion to dismiss included several emails Greenwald exchanged with Village officials. On March 18, 2020, Greenwald sent an email with the subject line, "RE: GFLP et al v. Village 20-CV-494 – Special Assessment" to the Village attorney and the Village clerk. Another attorney, who also represented the Village, was copied on the email. The email states, "[A]ttached are copies of a new case file[d] yesterday regarding the Chapman Blvd Special Assessment. Please let me know if you can accept service for the Village."

¶54 The Village attorney replied to Greenwald's email two days later, stating, "Yes we will admit service, please forward that to me at this point." The Village attorney copied the other attorney for the Village on this reply email, but he removed the Village clerk from the email. The Village clerk was not included on any further emails.

¶55 Greenwald's attorney replied by email on March 23, 2020. He sent copies of the summons and complaint along with a template for admission of service. The Village attorney signed

the admission of service and returned it to Greenwald the next day. The admission states, "I am counsel for the Defendant Village of Mukwonago in this action and have received and admit service . . . on behalf of the Defendant." The Village attorney also signed the admission, listed his title as "Attorney for Defendant," and included his state bar number.

¶56 On April 9, 2020, Greenwald sent a notice of appeal to the Village attorney both by mail and email. It included a cover letter confirming that the Village clerk received notice and requesting that the Village attorney notify Greenwald of any deficiencies. In lieu of filing a responsive pleading, the Village filed a motion to dismiss based on Greenwald's failure to personally serve the Village clerk a notice of appeal.

## II. STANDARD OF REVIEW

¶57 This case presents a question of statutory interpretation, which we review de novo. Nowell v. City of Wausau, 2013 WI 88, ¶19, 351 Wis. 2d 1, 838 N.W.2d 852. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. "[S]tatutory language is interpreted in the context in which it is used; not in isolation

5

but as part of a whole; in relation to the language of surrounding or closely-related statutes . . . ." Id., ¶46.

¶58 "Statutes are closely related when they are in the same chapter, reference one another, or use similar terms." State v. Reyes Fuerte, 2017 WI 104, ¶27, 378 Wis. 2d 504, 904 N.W.2d 773.

> Any word or phrase that comes before a court for interpretation is . . . part of an entire corpus juris. So, if possible, it should no more be interpreted to clash with the rest of that corpus than it should be interpreted to clash with other provisions of the same law.

Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 252 (2012).

### III. ANALYSIS

¶59 The law does not require that the Village clerk be served even though the Village attorney represented that he would accept service for the Village. The issue in this case is whether Greenwald satisfied its obligation to "serve a written notice of appeal upon the clerk of the . . . [V]illage" under Wis. Stat. § 66.0703(12)(a). The statute provides in relevant part,

> A person having an interest in a parcel of land affected by a determination of the governing body, under sub. (8)(c), (10) or (11), may, within 90 days after the date of the notice or of the publication of the final resolution under sub. (8)(d), appeal the determination to the circuit court of the county in which the property is located. The person appealing shall serve a written notice of appeal upon the clerk of the city, town or village and execute a bond to the city, town or village in the sum of $150 with 2 sureties or a bonding company to be approved by the city, town or village clerk, conditioned for the faithful prosecution of the appeal and the payment of

6

all costs that may be adjudged against that person. The clerk, if an appeal is taken, shall prepare a brief statement of the proceedings in the matter before the governing body, with its decision on the matter, and shall transmit the statement with the original or certified copies of all the papers in the matter to the clerk of the circuit court.

§ 66.0703(12)(a). The statute prescribes the procedures property owners must follow in order to challenge special assessments. "Procedural statutes are to be liberally construed so as to permit a determination upon the merits of the controversy if such construction is possible." Kincyl v. Kenosha County, 37 Wis. 2d 547, 555-56, 155 N.W.2d 583 (1968).

¶60 There are no exacting requirements as to the form the notice of appeal must take, but a summons and complaint can serve as a notice of appeal.[2] Mayek v. Cloverleaf Lakes Sanitary Dist. No. 1, 2000 WI App 182, ¶¶8-9, 238 Wis. 2d 261, 617 N.W.2d 235. The statute requires that a property owner must "serve" a notice of appeal, but it does not answer how one achieves service. It does not require any one method. Nowhere does Wis. Stat. ch. 66 define the term "serve," nor does it establish procedures for accomplishing service. Though "serve" is a common term in legal parlance,[3] it is further defined elsewhere. Specifically, the procedures for service are

---

[2] For this reason, any distinction between Greenwald's email sending the summons and complaint, and the email sending the notice of appeal, is immaterial.

[3] See Serve, Black's Law Dictionary 1643 (11th ed. 2019) ("[t]o make legal delivery of (a notice or process)"; "[t]o present (a person) with a notice or process as required by law"); Serve, The American Heritage Dictionary of the English Language 1649 (3d ed. 1992) ("[t]o deliver or present (a writ or summons)"; "[t]o present such a writ to").

7

prescribed in Wis. Stat. ch. 801 concerning commencement of an action and venue.[4]

¶61 Upon examining Wis. Stat. ch. 801, it becomes clear why Wis. Stat. § 66.0703(12)(a) states a property owner must serve a notice of appeal upon the clerk of the municipality.[5] Wisconsin Stat. § 801.11(4) states the manner for serving a summons for "political corporations or bodies politic," including counties, towns, cities, technical college districts, school districts and boards, and villages. Under § 801.11(4), one serves a political corporation or other body politic "by personally serving any of the specified officers, directors, or agents." For actions against a village, the statute specifies "the president or clerk thereof." Id. Not every village may have an attorney, but every village does have a president and a clerk. See Wis. Stat. §§ 61.24-25.

¶62 This illuminates why Wis. Stat. § 66.0703(12)(a) states property owners "shall serve a written notice of appeal upon the clerk of the city, town or village." It is because service upon the clerk is itself service upon the municipality. Wisconsin Stat. § 801.11(4) says as much, equating service upon

---

[4] Speaking out both sides of its mouth, the majority recognizes "the legislature need not always explicitly point to ch. 801 in order for it to apply," yet claims Wis. Stat. § 66.0703's "lack of a directive informs [its] discussion." Majority op., ¶27. The term "serve" is a part of the whole corpus juris, and we should not do violence upon our consistent and coherent system of laws by ignoring that fact.

[5] Interestingly, the majority does not engage or quarrel with the reasoning I employ. It merely jumps to my conclusions and says it disagrees. See majority op., ¶¶17 n.5, 28 n.6.

the clerk with service upon the municipality. After all, municipalities are not themselves natural persons who may themselves receive personal service. They are creatures of statute. See City of Madison v. Town of Fitchburg, 112 Wis. 2d 224, 240, 332 N.W.2d 782 (1983) ("It is well settled that a municipality[ is] a creature of the legislature . . . ."). Municipalities rely on the people who serve their communities as local officials, and they cannot interact with outside entities unless it is through those officials. Oconto Co. v. Jerrard, 46 Wis. 317, 328, 50 N.W. 591 (1879) ("The state acts through its municipalities, and the municipalities act through their officers."). Here, the attorney operates as the attorney for the Village and therefore as an attorney for the clerk to the extent the clerk acts as a representative for the Village. Serving the attorney a notice of appeal therefore achieves service upon the clerk as a representative of the Village.

¶63 The court of appeals in Mayek, 238 Wis. 2d 261, discussed the notice of appeal in such a fashion even if it did not rule on the issue. While explaining that "serving a summons and complaint challenging the assessment constitutes a notice of appeal" under Wis. Stat. § 66.0703(12)(a), id., ¶7, the court repeatedly described such service as service upon the municipality. The court said the property owner "reasonably treated his complaint as a notice of appeal and served it on the district's clerk as the method of obtaining service on the district." Id., ¶8 (emphasis added).

9

¶64 Even if a municipal clerk is not a party to the litigation, a clerk receiving service in a suit against the municipality clearly acts on behalf of the municipality while performing that ministerial function. The majority's assertion to the contrary——that a municipality's clerk is not a representative of the municipality——flatly ignores how Wisconsin's municipalities operate and the roles local officials play while acting on behalf of those municipalities. See majority op., ¶¶32-33. The majority's artificial distinction between serving a municipality's clerk and serving a municipality may create unintended consequences, such as service upon a clerk being deemed insufficient to affect service upon the municipality. The reality is that by serving the municipal clerk, like serving the attorney, one serves the municipality. Thus, the question is whether Greenwald served the Village in a manner permitted under the Wisconsin Statutes.

¶65 Wisconsin Stat. § 801.11(4) provides that personally serving the Village clerk is a permissible method for serving the Village. However, there is flexibility. There are a number of situations where directly serving the clerk is either not necessary or not permitted.

¶66 For one, serving a village under Wis. Stat. § 801.11 is permissive, whereas service upon the attorney for a represented party under Wis. Stat. § 801.14 is fairly read as mandatory. Section 801.11 begins, "A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction . . . may exercise personal jurisdiction over a

10

defendant by service of a summons as follows" (emphasis added). However, service upon the attorney for a represented party appears to be mandatory. Section 801.14(2) states, "Whenever under these statutes, service of pleadings and other papers is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party in person is ordered by the court" (emphasis added). In other words, if a municipality is represented by counsel, that arguably must take precedence over other forms of service, and a claimant should serve the municipality through its attorney. There is seemingly only one exception to this rule: "unless service upon the party in person is ordered by the court." Id. There is no exception for serving a municipal clerk. If the statute did provide an exception permitting service under § 801.11, it would likely say so. That statute is referenced in § 801.14(1) regarding parties in default, but no similar reference exists in § 801.14(2). Section 801.14(2) instead discusses situations where "an attorney . . . has consented in writing to accept service by electronic mail," which is exactly what happened in this case. These all indicate that Greenwald properly served the Village by delivering the summons and complaint to the Village attorney.

¶67 Even if it were the case that service must be affected through a municipal clerk, the statutes provide alternatives to serving the clerk directly. Wisconsin Stat. § 801.11(4)(b) lists one such alternative. It states, "In lieu of delivering the copy of the summons to the person specified, the copy may be

11

left in the office of such officer, director or managing agent with <u>the person who is apparently in charge</u> of the office." <u>Id.</u> (emphasis added). We examined this language in <u>Keske v. Square D Co.</u>, 58 Wis. 2d 307, 206 N.W.2d 189 (1973).[6] The process server in <u>Keske</u> attempted to serve a corporation. Upon arriving at the main reception area, the receptionist stated the person who could receive service was unavailable. <u>Id.</u> at 309. The process server was instead "specifically directed to serve" a different individual who "appeared to be in charge." <u>Id.</u> at 313-14. We explained the statute's "use of the word 'apparently' can only refer to what is apparent to the person actually serving the summons." <u>Id.</u> at 313. Even though the person who received process testified he was not "in charge" of the office, this was unimportant because of the circuit court's finding that he "appeared to be in charge." <u>Id.</u> at 313-14. These provisions also suggest that service on the Village is not as strict as the majority suggests.

¶68 Additionally, Wis. Stat. § 801.18(5)(d) is seemingly even more expansive. It concerns service of "[i]nitiating documents," which include a summons and complaint and notice of appeal. § 801.18(1)(j), (5)(d). It requires that initiating documents "shall be served by traditional methods," which simply "means those methods of filing and serving

---

[6] Wisconsin Stat. § 801.11(5)(a) uses the same language with regard to service upon domestic or foreign corporations or limited liability companies. The statute has since been renumbered from its previous version, Wis. Stat. § 262.05 (1972-73).

12

documents . . . provided under statutes and local rules." § 801.18(1)(m), (5)(d). However, such service by "traditional methods" is required "unless the responding party has consented in writing to accept electronic service or service by some other method." § 801.18(5)(d). Section 801.18(5)(d) therefore permits service through methods other than those "provided under statutes" so long as "the responding party has consented in writing." That is the case here.

¶69 Greenwald properly served the Village under any one of these statutes. Wisconsin Stat. § 801.14(2) appears to require that Greenwald serve the Village attorney, not the Village clerk. The Village attorney said to do so and admitted service. In the admission of service, the Village attorney confirmed the Village was represented by counsel in this matter, stating, "I am counsel for the Defendant Village of Mukwonago in this action." The Village attorney signed his name above his title, "Attorney for Defendant," and provided his state bar number, clearly conveying that he was operating as the Village's legal representation in that litigation. Under these circumstances, Greenwald's counsel was between a rock and a hard place. If he instead serves the Village clerk, ignoring the Village attorney's instruction to serve him and that he would accept service for the Village, consequences could ensue. An attorney is expected to communicate through counsel, not directly with the other lawyer's client. The majority opinion creates unnecessary conflict and uncertainty for lawyers who should be able to accept service for their clients.

13

¶70 The Village attorney's actions also make sense in light of the rules of professional conduct, which prohibit lawyers from "communicat[ing] about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." SCR 20:4.2(a). This includes, "[i]n the case of a represented organization, . . . communications with a constituent of the organization . . . whose act or omission in connection with the matter may be imputed to the organization." Id. ABA cmt.7. It is at least reasonable to conclude, under this rule, that once the Village attorney identified himself as the Village's representative, Greenwald's attorney could not contact the Village clerk. When the Village attorney replied to Greenwald's attorney's initial email, the Village attorney removed the Village clerk from the conversation. As a constituent of the Village, the clerk could not be contacted or directly served by Greenwald's counsel. By removing the Village clerk from the email conversation, the Village attorney communicated to Greenwald's counsel that there was no reason to contact the clerk, and all communication should go through the attorney. That was confirmed by the admission of service.

¶71 Even if Greenwald was permitted to directly serve the Village clerk, the Village attorney had the apparent ability to receive service under Wis. Stat. § 801.11(4)(b). Greenwald's initial email, which included the Village clerk, asked for confirmation that the Village attorney can receive service. The

14

Village attorney confirmed that he will admit service, and he did not keep the Village clerk on the email chain. In doing so, the Village attorney directed Greenwald to himself rather than the Village clerk as a person capable of receiving service on behalf of the Village. The Village attorney's representations rendered him "apparently in charge of the office" such that he could receive service on behalf of the Village. Permitting the Village to benefit from any apparent misdirection would "produce a situation whereby a process server becomes a participant in a game of 'hide 'n seek' at the mercy of secretaries or anyone else who chooses to prevent him from accomplishing his task." Keske, 58 Wis. 2d at 315. This is not a result our service statutes condone.

¶72 Finally, Greenwald would have properly served the Village under Wis. Stat. § 801.18(5)(d). The Village, acting through the Village attorney, consented to receive process in the manner it was served. Over email, the Village attorney told Greenwald, "Yes we will admit service, please forward that to me at this point." "[T]he [village] attorney may bind the municipality to the same extent that any attorney may bind his or her client. A [village] attorney is clothed with sufficient apparent authority to bind a client for services that are routinely and directly connected with the representation. . . ." 10 McQuillian Mun. Corp. § 29:20 (3d ed. 2022) (footnotes omitted) ("[T]he universally accepted generalization in this matter is that the city attorney has power to institute court actions and defend actions against the municipality . . . .");

15

see also 64 C.J.S. Municipal Corporations § 1148 (2023) ("A city attorney may bind the municipality to the same extent that an attorney may bind a client, absent limitations."). Acting through the Village attorney, an individual whose job is to speak for the Village in litigation matters, the Village gave Greenwald written consent to serve the Village in the manner it did. It cannot be the case——and is not the case under the law——that Greenwald's action must be dismissed for relying on this representation.

## IV. CONCLUSION

¶73 I conclude that Greenwald properly served the Village in accordance with Wis. Stat. § 66.0703(12)(a). To determine how to properly "serve" the Village under § 66.0703(12)(a), one must look to Wis. Stat. ch. 801 governing service in civil cases. Under Wis. Stat. § 801.11(4), though personally serving the clerk is the default for serving a municipality, the Village was represented by counsel and Greenwald was in compliance with the statute in serving the Village attorney under Wis. Stat. § 801.14(2). Even if personal service upon the Village clerk were required, there is flexibility. One may instead serve whoever "is apparently" able to receive process. § 801.11(4)(b). One may also serve a municipality "by some other method" with the responding party's written consent. Wis. Stat. § 801.18(5)(d). Greenwald successfully served the Village under either of these provisions too. The Village attorney branded himself as the person "apparently" able to receive process. The Village attorney's email accepting service also

16

constituted consent on behalf of the Village to accept service in the manner it was received.  As a result, Greenwald properly served the Village, and its lawsuit should proceed.

¶74  For the foregoing reasons, I respectfully dissent.

¶75  I am authorized to state that Justices PATIENCE DRAKE ROGGENSACK and REBECCA GRASSL BRADLEY join this dissent.